ALFRED RICHARDS & others *vs.* ALBERT STEPHENSON & trustee.

A party summoned as trustee in a process of foreign attachment filed an answer generally denying liability as such, and to interrogatories of the plaintiff replied that at the time of receiving service of the writ he did have in his possession a promissory note due that day and payable to the defendant's order, which he received from a correspondent with directions to collect and pass the proceeds to such correspondent's credit; with which directions he complied; that he never had any communication with the defendant, nor was ever informed by any one in his behalf that such proceeds belonged to him ; and that he had advised his correspondent of the service of the writ, who replied that he would take care of it and asked him to hand the summons to an attorney-at-law. *Held,* that he was not chargeable as trustee, although it did not appear that the note was ever indorsed by the defendant.

TRUSTEE PROCESS. The Suffolk National Bank, of Boston, summoned as trustee, filed an answer denying that there were intrusted or deposited in its hands or possession any goods, effects or credits of the defendant, on June 25, 1867, when it received service of the writ; and replied substantially as follows to interrogatories of the plaintiff: That it did have in its possession a promissory note for $556.67, signed by Richards, Adams & Co., and payable on that day, with interest, to the order of the defendant, the amount of which, with interest, it that day collected, and passed the proceeds to the credit of the Second National Bank of Portland on its open account with the

Suffolk Bank, in accordance with the directions contained in a letter from the cashier of the bank in Portland, in which he had forwarded the note for collection; that neither the defendant nor any one in his behalf ever gave it notice that such proceeds belonged to him; that it never had any communication with the defendant; and that it gave notice to the bank in Portland of the service of the writ, and the cashier replied that "they would take care of it," and requested that the summons might be handed to a firm of attorneys-at-law in Boston. It did not appear by the answer that the note in question bore any indorsement whatsoever.

No other evidence was offered on the question of charging the trustee; the superior court ordered its discharge; and the plaintiffs appealed.

*S. Wells, Jr.,* for the plaintiffs, cited *Allen* v. *Ayres,* 3 Pick. 298; *Parham* v. *Murphee,* 16 Martin, 355; *Carvick* v. *Vickery,* 2 Doug. 653.

*T. F. Nutter,* for the trustee.

FOSTER, J. A party summoned as trustee is to be discharged, unless it affirmatively appears by his answers, aided by the collateral proofs, that he is chargeable. *Porter* v. *Stevens,* 9 Cush. 530. The exception to this rule is, when the answer admits enough to make the trustee *primâ facie* chargeable, and then states some special matter in avoidance. *Lane* v. *Felt,* 7 Gray, 491. A trustee cannot be held liable, when he does not appear ever to have been the debtor of the defendant.

In the present case, it is clear that extrinsic evidence might have been offered by either party to show whether the note, when paid to the Suffolk Bank, was owned by the defendant or by the bank in Portland which sent it to Boston for collection. Gen. Sts. *c.* 142, § 11. So also the Portland bank might have been summoned as claimant. § 15. In this way the real question in controversy would have been tried more fully, and determined more satisfactorily, than it can be upon the trustee's answers alone. But it was quite as much the duty of the plaintiff as of the trustee to take active measures to bring the Portland bank before the court as a claimant.

We are of opinion that the single fact, that the note does not appear to have been indorsed by the defendant, who was the original payee, is insufficient to overcome the effect of the trustee's general denial of liability, together with the statements that the note was transmitted for collection by the bank in Portland with directions to credit it, when paid, to the account of that bank, and that the defendant has never claimed the proceeds or had any communication with the Suffolk Bank in regard to the note.

The judgment of the superior court is affirmed, and the

*Trustee discharged.*

