CHARLES SCOTT & others *vs.* JULIA A. HAWKINS & trustees.

The maker of a promissory note payable on demand, and due and unpaid at the time of the service of the writ on him, is chargeable in foreign attachment as trustee of the payee, in the absence of proof of the transfer or indorsement of the note.

A person cannot be admitted for the first time, in this court, as claimant of funds in the hands of the trustee in an action of foreign attachment in the superior court, in which the question of charging the trustee on his answer is pending in this court on appeal.

HOAR, J. The two parties summoned as trustees in this action had each given to the principal defendant a promissory note, payable to her or her order on demand, which were due and unpaid at the time of the service of the writ upon them. The only statement in the answers which could distinguish their liability as trustees is, that one says that she does not know where the note is, and the other says that she does not know where it is, or where it was at the time of service; but we do not see that this distinction is of any consequence.

The single question is, whether the maker of a negotiable promissory note, payable on demand and unpaid, is chargeable as the trustee of the payee, there being no proof of its transfer

or indorsement. And we can have no doubt that by the provisions of Gen. Sts. *c.* 142, and *c.* 53, § 10, he is to be charged. It is an acknowledgment of money due from the maker to the payee, and so comes within the terms of *c.* 142, § 24. It is not a negotiable security " payable on time and not overdue," and is not therefore within the exception in § 31. Charging the trustee, and a payment by him in consequence, will be a complete defence to the claim of an indorsee, who has not previously given notice to the promisor of the indorsement or transfer. *c.* 53, § 10. The trustees are therefore chargeable upon their answers.

The motion by a party who alleges that one of the notes was indorsed to him before the service of the writ upon the trustee, and who asks to be admitted as a claimant, must be made and heard in the superior court, from which the question upon the trustee's answers, and not the case, has been transferred to this court. *Knights* v. *Paul*, 11 Gray, 225.

*Trustees to be charged upon their answers.*

*H. B. Stevens*, for the plaintiffs.

*N. T. Leonard*, (*M. B. Whitney* with him,) for the trustees.