SUSAN FULLER *vs.* N. W. STORER & others.

One who has appeared as claimant of funds in the hands of persons summoned as trustees may be allowed, after judgment for the plaintiff, to bring a writ of review in the name of the trustees upon giving them a bond of indemnity.

PETITION for a writ of review. At the hearing in this court, before *Colt*, J., it appeared that in an action brought by Storer against one Clogston in the Police Court of Lowell, the Massachusetts Cotton Mills were summoned as trustees; that the petitioner was an adverse claimant of the funds in the hands of the trustees, was admitted a party to the suit, so far as respected her title to the goods, effects or credits in question, and was adjudged to have maintained her claim; and that from this judgment Storer appealed to the Superior Court.

The judge found that the petitioner, without fault on her part or on the part of her counsel which should deprive her of the review, failed to enter her appearance in the Superior Court and was defaulted; and that the supposed trustees were charged upon their answer and paid over the funds in their hands upon an execution issued by the Superior Court against Clogston.

The respondents objected that upon these facts no review should be granted, because the same issue of fact joined in the original suit could not be tried in this review, and because no judgment could therein be rendered which would be effectual to give the petitioner the relief she sought.

The judge reserved the case for the consideration of the full court. If the respondents' objection was well taken, the petition

to be dismissed ; otherwise the review to be granted, to be tried in this or in the Superior Court, as the court might order.

*D. H. Rice,* for the petitioner.

*W. H. Bent,* for the respondents.

GRAY, J. By the existing statutes, any person, claiming, by assignment or otherwise, goods, effects or credits in the hands of one summoned as trustee in foreign attachment, is entitled to be made a party to the suit, in the court in which the case is pending, either by his voluntary appearance or on notice issued to him by the court, whether the facts on which his claim depends are or are not disclosed in the trustee's answer, and even after the trustee has been charged thereon and *scire facias* sued out against him. Gen. Sts. *c.* 142, §§ 15, 16. *Ammidown* v. *Wheelock,* 8 Pick. 470. *Dennis* v. *Twitchell,* 10 Met. 180. *Knights* v. *Paul,* 11 Gray, 225. *Boylen* v. *Young,* 6 Allen, 582. *Scott* v. *Hawkins,* 99 Mass. 550. When a claimant does not appear, and even when he is defaulted after notice issued to him, the trustee should be discharged, if a valid assignment of the funds is disclosed. *Taylor* v. *Collins,* 5 Gray, 50 *note. Richards* v. *Stephenson,* 99 Mass. 311.

Final judgments in civil actions commenced by writ may be reëxamined and tried anew upon writ of review, on the petition of any party to the record, who by mistake and without fault, although duly served with notice, omits to appear in the action, either in the court in which it was originally brought or in any appellate court, or to take the necessary steps to prosecute an appeal or exceptions. Gen. Sts. *c.* 146, §§ 19 *& seq. Champion* v. *Brooks,* 9 Mass. 228. *Thayer* v. *Goddard,* 19 Pick. 60. *Brewer* v. *Holmes,* 1 Met. 288. *Bowditch Insurance Co.* v. *Winslow,* 3 Gray, 415. *Anderson* v. *Brown,* 10 Gray, 92. *Hutchinson* v. *Gurley,* 8 Allen, 23. Upon the review, all issues of law or fact, which were tried in the original action, or which were omitted to be raised therein without fault of the petitioner, are to be retried as if no judgment had been rendered. *Perry* v. *Goodwin,* 6 Mass. 498, 500. *Hart* v. *Johnson,* 7 Mass. 472. *Good* v. *Lehan,* 8 Cush. 299. *Anderson* v. *Brown,* 10 Gray, 92. If an issue of fact was joined in the original suit, the case may be

tried either upon the same issue or upon any new issue presented by amendment of the original pleadings ; if the former judgment was rendered without an issue, the parties plead or answer upon the review as they might have done in the original suit, and the case is tried upon any issue of fact or law thus made up ; each party may produce any legal evidence, whether produced in the former suit or not; and " judgment shall be given in like manner as if the parties had brought their several writs of review." Gen. Sts. *c.* 146, §§ 30–32.

The authority of the court upon a writ of review to reverse the former judgment, and to give judgment for the recovery back of the sum paid on execution or any part thereof, is distinctly recognized in the Gen. Sts. *c.* 126, § 8. The special provisions of *c.* 146, §§ 34, 36, as to the form of judgment, are confined to cases in which the sum recovered by the original plaintiff on the review is greater or less than in the original action, or there are several defendants. In all other cases, the court upon review is not limited to any form of judgment, but will render such judgment as the just and legal rights of the parties require. For instance, bail who have been charged by judgment against their principal, and judgment against themselves on *scire facias*, may, upon proving that they were in no fault in not appearing on the *scire facias*, obtain a writ of review, and thereupon surrender their principal and be discharged. *Thayer* v. *Goddard*, 19 Pick. 60. In foreign attachment a trustee, charged by accident or mistake, either on the first process or on *scire facias*, has been granted a writ of review, in order to enable him to file an answer and be thereupon discharged. *Brigham* v. *Elliot*, 12 Pick. 172. *Ex parte Packard*, 10 Mass. 426. Still more analogous to the case at bar is *Carrique* v. *Bristol Print Works*, 8 Met. 444, in which a trustee who had been charged by the court, but by a mistake in the entry of judgment appeared on the record to have been discharged, took out an execution against the plaintiff for costs and collected them. Upon petition of the plaintiff and proof of the facts, a writ of review was granted him, and judgment was rendered thereon that he recover back from the trustee the amount of the costs thus paid, and also recover the amount of his

debt against the original defendants and against their effects and credits in the hands of the trustee.

In the present case, the claimant, having been admitted a party to the action in the police court, was a party to the record, and entitled to have her claim heard and passed upon, and a judgment entered accordingly charging or discharging the trustees, although she would not strictly be a party to such final judgment. Her default in the Superior Court, to which the case had been taken on the plaintiff's appeal, is found, as matter of fact, by the justice of this court before whom her petition for a review was heard, to have been without any fault of herself or her counsel which should deprive her of a review. The judgment thereupon rendered for the plaintiff and charging the trustees, so long as it stands unreversed and unqualified, bars the claimant from asserting any rights, either against the trustees or against the plaintiff, to the effects and credits paid by them to him upon the execution issued on that judgment. Justice therefore requires that the claimant should obtain a review of that judgment, if it can be granted without endangering the rights of either of the other parties. The trustees, being mere innocent stakeholders, who have paid the funds in their hands to the original plaintiff under a judgment in due form, should not be put in jeopardy of being obliged to pay the amount over again, either to the original defendant or to the claimant. The defendant shows no reason for complaining of the judgment. And the plaintiff is entitled to judgment against him, but not against his effects or credits in the hands of the trustees, if the claimant has a better right to them.

The proper way to secure the rights of the trustees as well as of the claimant, and to do exact justice to all parties, seems to us to be to allow the claimant, upon executing to the trustees a sufficient bond of indemnity against all loss and costs by reason of the review, to sue out and prosecute a writ of review in their name. See *Adams* v. *Cordis*, 8 Pick. 260, 270. Upon such a review, the questions of charging or discharging the trustees, and, as incidental thereto, of the right of the claimant to the effects. and credits of the defendant in their hands at the time of the service of the original process upon them, may be tried anew

and if the claimant shall maintain her claim, judgment may be rendered, reversing the former judgment, and that the plaintiff recover against the principal defendant, and that the trustees be discharged and recover back from the plaintiff the amount paid by them to him and to which the claimant is proved to have a better title, with such further judgment as to the costs of the review as law and justice may require. Gen. Sts. *c.* 142, §§ 60–62, 73 ; *c.* 146, § 33. The original judgment will thus be set aside so far as it bars the claimant's rights, and will leave her at liberty to assert her claim to the fund in the hands of the trustees, so far as may be done without obliging them to pay the same sum twice over.

It is therefore ordered, that the claimant, upon filing such a bond in a form approved by a justice of this court, and upon such other terms as he may impose, may take out a writ of review in the name of the trustees, returnable to the Superior Court, as the Gen. Sts. *c.* 146, § 24, permit, and the nature of this case makes appropriate. *Review granted.*