EDWIN R. BOSWORTH *vs.* GEORGE POMEROY & another.

A plaintiff having a valid attachment upon the property of a defendant who, pending the action, has been discharged in bankruptcy, and against whom he otherwise would have a right to a judgment in the common form, is entitled to a special judgment, to be enforced only against the attached property; and when an attachment has been made upon both real and personal estate, his right to this special judgment is not affected by the fact that, by the act of the parties, the attachment as to the personal property has been dissolved.

MOTION for the entry of a special judgment. The defendants, since the entry of the action, had been duly adjudged bankrupts. It appeared from the officer's return upon the writ that he had attached, September 6, 1872, real estate of the defendants, and September 27, 1872, a kiln of bricks. A petition in bankruptcy was filed against the defendants February 6, 1873, and Enos Parsons was appointed assignee of their estate.

The action was brought upon a promissory note, and its making having been admitted, the plaintiff filed the following motion : " And now comes the plaintiff and moves the court here for judgment. The judgment only to be enforced against the property attached on the writ, and not to be enforced against the persons of the defendants, or any other property."

The defendants filed an answer to this motion, denying the plaintiff's right to the judgment for which he moved, because, as they said, October 21, 1872, an agreement was made between the plaintiff, the defendants, the attaching officer, and one Topliff, who had receipted for the attached property, that the defendants should, by a bill of sale, convey to Topliff the bricks which were attached ; that Topliff should sell them ; that the proceeds should be applied to the payment of the plaintiff's claim, and the balance, if any, to the payment of other existing debts of the defendants ; that the defendants executed and delivered the bill of sale ; that the plaintiff agreed to discontinue the suit without

costs; that Topliff sold the bricks and held the proceeds, and that by the agreement the attachment was dissolved, and the defendants' right to the bricks and the proceeds from their sale had passed to the assignee in bankruptcy.

Parsons, the assignee, was "admitted as a party of record," and filed a claim, in which, after stating the facts set out in the answer of the defendants, and claiming that by reason of them the attachment had been dissolved, he said that the sale to Topliff was fraudulent and void under the bankrupt act, as an illegal preference to the plaintiff, who was a preëxisting creditor of the defendants and knew them to be insolvent, and that it was intended by the parties to prevent the distribution of the property under the bankrupt act, and to defeat its objects and evade its provisions. He offered to prove these allegations and statements, and denied the plaintiff's right to the judgment for which he asked.

Upon the hearing upon the motion in the Superior Court, before *Rockwell*, J., it was agreed that the case stood as it would stand if the defendants had received their discharge in bankruptcy. It was conceded that an attachment of the defendants' real estate was duly made, and also a valid attachment of the bricks. The defendants and the assignee offered evidence tending to prove the allegations upon which they relied, to which evidence the plaintiff objected. The presiding judge "being of opinion that the officer's return was conclusive as to the existence and continuance of the plaintiff's attachment, and that it was not competent for the defendants or the assignee to prove facts tending to contradict the officer's return against the plaintiff's objection," ordered the qualified judgment to be entered; and the defendants and the assignee jointly alleged exceptions.

*C. Delano*, (*J. C. Hammond* with him,) for the defendants and the assignee.

*W. G. Bassett*, for the plaintiff.

MORTON, J. When a defendant in an action has been discharged in bankruptcy, and it is made to appear that the plaintiff has an attachment of property which is not dissolved by the proceedings in bankruptcy, the plaintiff is entitled to a special judg·

ment, to be enforced against the property attached, and not against the person or other property of the defendant. The object of this is to enable the plaintiff to avail himself of an existing lien saved to him by the bankrupt law, and which cannot be enforced in any other way. *Davenport* v. *Tilton*, 10 Met. 320. *Loring* v. *Eager*, 3 Cush. 188. *Bates* v. *Tappan*, 99 Mass. 376. *Carpenter* v. *Turrell*, 100 Mass. 450.

In this case the bill of exceptions shows that the plaintiff attached both real and personal estate of the defendants, more than four months before the institution of the proceedings in bankruptcy. The liens thus acquired are preserved for his benefit by the provisions of the bankrupt law. There is nothing to show, and it is not claimed, that the attachment upon the real estate was dissolved or lost in any way. It remains an existing lien, and entitles the plaintiff to the qualified judgment ordered in the Superior Court, without regard to the question whether the attachment of the personal property was dissolved. The evidence offered by the defendants to show that the attachment of the personal property was dissolved by the acts of the parties, was therefore immaterial. As the proper judgment was ordered, the defendants were not aggrieved by its rejection, and it is not necessary to consider whether the reason given therefor was correct.

The effect of such judgment is not to determine the right of the plaintiff to levy his execution upon the personal property which the officer attached. It merely furnishes him with the means of enforcing any lien which he may have. The question whether he has, as alleged in the answer, agreed that the property might be sold to a third person, and thus dissolved the attachment and lost his lien, can, if he levies upon such property, be tried in a proper action, to which all persons interested can be made parties. Without considering the question, how far in any case the court may receive evidence, outside the record, that an attachment had been dissolved, it is decisive of this case, that the continuing lien created by the attachment of real estate justified and required the judgment ordered in the Superior Court.

*Exceptions overruled.*