## DAVIS R. STOCKWELL *vs.* DANIEL SILLOWAY & trustee.

A plaintiff having a valid attachment upon the property of a defendant, who, pending the action, has been discharged in bankruptcy, and against whom he would otherwise have a right to a judgment in the common form, is entitled to a special judgment to enable him to enforce the lien created by the attachment.

When, in order to entitle himself to a special judgment, a plaintiff seeks to avoid the effect of the defendant's discharge in bankruptcy by proving that he has a valid attachment, by the trustee process, of the defendant's property, the sworn answers of the trustee admitting funds are, under Gen. Sts. *c.* 142, § 11, the proper evidence of the attachment.

When, in order to entitle himself to a special judgment, a plaintiff seeks to avoid the effect of the defendant's discharge in bankruptcy, by proving that he has a valid attachment by the trustee process of the defendant's property, the court may suspend the trial of such issue till after the trial of an issue, between an adverse claimant and the plaintiff, as to the ownership of such property.

CONTRACT. Moses Carr, as administrator, was summoned as trustee. The officer, beside serving the writ upon the trustee, returned that he had made an attachment of real estate. The declaration was upon a judgment recovered in the Court of Common Pleas, December term, 1857, for $841.54 damages, and $19.99 costs of suit. The defence relied upon was a discharge in bankruptcy. The plaintiff replied that this suit was commenced and the attachment made more than four months before the commencement of the proceedings in bankruptcy. The answers sworn to by the trustee, in reply to interrogatories filed by the plaintiff, admitted effects in his hands and disclosed an assignment of them to one Andrew Hall. Hall was summoned to prosecute his claim. He appeared and made his claim to the funds in the trustee's hands. To this claim the plaintiff answered that the alleged assignment which was relied upon, was without consideration, and was fraudulent as to the defendants' creditors.

At the trial in the Superior Court, before *Brigham*, C. J., it was admitted that the plaintiff obtained the judgment described in his declaration, and that it was not satisfied. The defendant then proved his discharge in bankruptcy, and it was admitted that the demand in suit was provable under the proceedings. The plaintiff sought to avoid the effect of the discharge, solely

upon the ground that he had a valid attachment upon the writ made more than four months prior to the commencement of proceedings in bankruptcy, and put in evidence the officer's return on the writ, and the answers of the trustee to interrogatories filed to him. The defendant objected to the competency of these answers, as evidence against him upon any issue ; but the court admitted them in evidence. No other evidence was offered by the plaintiff, or by the defendant, who contended that he was entitled to a verdict. But the court declined to make any ruling on the subject at that time, on the ground that there was · a pending question between the plaintiff and Hall, the claimant of the funds in the hands of the alleged trustee. The defendant excepted to this ruling.

The issue between the claimant and the plaintiff was then opened, and submitted to the jury, who returned a verdict for the plaintiff. Upon the rendition of this verdict, the presiding judge directed the jury to return a general verdict for the plaintiff against the defendant, without any assessment of damages. The defendant objected that the case was not in a condition for the rendering of a verdict ; that the proceedings between the plaintiff and the claimant had not changed the condition of the parties, or the rights of the defendant ; and that if any verdict was to be rendered, it should be for the defendant, and he alleged exceptions.

*H. Carter*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

MORTON, J. These exceptions must be overruled. The plaintiff is entitled to a qualified judgment to enable him to enforce his lien, if it is shown that he has an attachment of either real or personal estate which is not dissolved by the proceedings in bankruptcy. *Bosworth* v. *Pomeroy*, 112 Mass. 293, and cases cited.

The answers of the trustee disclosed that he had funds in his hands belonging to the defendant, but that they were claimed by a third person by virtue of an assignment. These answers are a part of the record of the case, and are made by statute conclusive evidence of all the facts stated therein, upon the question

whether he is chargeable or not. In the issue on trial in this case, therefore, they were not only competent but the only proper evidence that the trustee had funds, which were attached by the plaintiff unless the alleged assignment was valid.

It was within the discretion of the court to postpone the trial of this case until the question of the rights of the claimant had been adjudicated. Until this was done it could not be deter-mined whether the trustee was chargeable. After the finding of the jury on this question, the record of the case conclusively shows that the trustee is chargeable, and therefore that the plain-tiff has an attachment of personal property which entitles him to the qualified judgment. Upon this ground, therefore, inde-pendent of the question of the attachment of real estate, the court properly directed a verdict for the plaintiff, and the defend-ant has no ground of complaint.              *Exceptions overruled.*