JAMES O. SAFFORD & another *vs.* ALSON KNIGHT.

Suffolk. March 18. — June 27, 1873. WELLS & COLT, JJ., absent.

March 12. — 17, 1874. COLT & ENDICOTT, JJ., absent.

March 2. — 3, 1875. MORTON & ENDICOTT, JJ., absent.

Bail, against whom a judgment has been rendered on *scire facias* by mistake and without their fault, may petition for a writ of review; and, if they obtain it, are entitled at the hearing upon the review, on payment of costs, to surrender their principal, pursuant to the Gen. Sts. *c.* 125, § 12, and have judgment entered, reversing the former judgment and discharging them.

Exceptions to a ruling or order of the Superior Court cannot be entered in this court before the final disposition of the case in the court below.

Exceptions to the rulings of two judges at different stages of the same case should be stated in distinct bills of exceptions allowed by each, and not in one bill allowed by both.

PETITION to the Superior Court for a writ of review of a judgment rendered at July term 1872 of that court, on default of the petitioners upon a writ of *scire facias* against them as bail of John M. Williams. Hearing before *Wilkinson, J.,* who allowed the following bill of exceptions:

" The petitioners alleged in their petition, and proved, that immediately after the service of the writ of *scire facias* upon them, they employed Robert M. Morse, Jr., a counsellor at law, to defend said action in their behalf, and he undertook so to do, and they had no knowledge that he had not done so, until notified by the counsel for the respondent on July 10 that he had an execution against them. They also alleged and proved that they always intended to surrender said Williams in said action of *scire facias*, if they should have an opportunity so to do, and that they believed that they had good ground therefor. There was

no allegation in the petition of any error in said judgment, ex
cept that the action was defaulted without fault on their part.
The petitioners proved that said Morse was taken sick in May,
before the return day of said writ of *scire facias*, and had not
been able to be at his office to attend to any business since that
time ; that he told the petitioners that he would enter an appear-
ance for them, that the case would not be reached till October
term following, that it would be in season if they surrendered
said Williams at that time, and that he agreed to give them suffi-
cient notice to enable them to do so.

" The respondent filed a motion to dismiss this petition ; and
assigned as reasons therefor, that the petition did not set forth
any error in the judgment sought to be reviewed ; that on a writ
of review the petitioners could not accomplish their purpose, to
wit, the surrender of their principal ; and that there was no
ground of defence to said action.

" The judge thereupon passed the following order : ' The peti-
tioners having been defaulted by accident and without fault on
their part, and thereby prevented from surrendering their princi-
pal in the suit on *scire facias* against them as bail, a writ of re-
view is ordered to issue for the purpose of allowing the petitioners
to surrender their principal, and for that purpose only.   Should
they make the surrender, the case is then to be disposed of as the
court may direct.'   To which order the respondent excepted ; "
and those exceptions were argued in March, 1873.

*H. L. Hazelton*, for the respondent.

*R. Stone, Jr.*, for the petitioners, was not called upon.

BY THE COURT.   This case is governed by that of *Thayer* v.
*Goddard*, 19 Pick. 60.   The General Statutes upon the subject
of reviews, though expressed in a more condensed form than the
Revised Statutes, do not appear, and cannot fairly be construed,
to have been intended as limiting the power of the courts to re-
verse the former judgment, in whole or in part, or to render such
other judgment as may be required to do full justice to each
party.   Gen. Sts. *c.* 126, § 8 ; *c.* 146, §§ 19, 32.   *Fuller* v. *Storer*,
111 Mass. 281.                              *Exceptions overruled.*

The writ of review was then issued, returnable at October term
1873 of the Superior Court.   On the return day, and after entry

of the writ, the plaintiffs in review produced Williams in court, and offered to surrender him, and, having tendered the costs of the *scire facias* to the plaintiff therein, and their tender having been refused, offered to pay the same into court, and moved the court to reverse the judgment on *scire facias*, and to discharge them from their liability as bail. *Rockwell*, J., declined so to do, and made the following order: " The debtor surrendered into court cannot be committed to jail, because the *scire facias* is not now pending. Should the judgment in the *scire facias* be reversed or annulled in the action in review, the court may then allow time for the surrender by the bail, during which time the *scire facias* will be pending. The prisoner is now discharged from custody in this court, without prejudice to the right of the bail to surrender him at the proper time, but it seems a discharge of the bail would now be premature." " To which order, and refusal to order, so far as it affects the rights of the plaintiffs in review," they alleged exceptions, which were allowed, and forthwith entered in this court, and argued in March, 1874.

*R. Stone, Jr.*, for the plaintiffs in review.

*H. L. Hazelton*, for the defendant in review.

BY THE COURT. The question presented by these exceptions is not properly before us, and we cannot therefore give any judicial opinion upon it. Exceptions to the rulings made by the Superior Court in the course of proceedings in any case cannot be entered in this court until after final disposition in the court below of the case in which the exceptions are taken. *Commonwealth* v. *Sallen*, 11 Gray, 52. *Bursley* v. *Barnstable*, 14 Gray, 106. *Marshall* v. *Merritt*, 13 Allen, 274. *Commonwealth* v. *Gloucester*, 110 Mass. 491. No final judgment having been rendered on the writ of review, the present entry must be

*Exceptions dismissed.**

* A similar decision was made in Suffolk, March 4, 1875, in the case of

NATIONAL BANK OF CLINTON *vs.* EDWARD TAYLOR & others.

CONTRACT upon a promissory note made by the first named defendant, and indorsed by the payees to the plaintiff. Under an order of the Superior Court, the docket of the January entries, of 1874, was called on June 15, 1874, for the purpose of disposing of cases in which there was no valid defence. When this case was called, a question arising whether there was a valid defence, the court ordered it to be put on the short list for trial on June 22. On June 18,

At April term 1874 of the Superior Court, the plaintiffs in review renewed their motion to reverse the judgment on the *scire facias*, and to discharge them from their liability as bail ; and further asked that if, upon the reversal of that judgment, it should appear necessary that they should make surrender of the principal other than as already made, they might be allowed time in which to make such surrender. But *Bacon*, J., "ruled *pro forma* as matter of law that the surrender already made was invalid because the judgment in *scire facias* was not reversed, and that the judgment could not be reversed solely for the purpose of allowing the plaintiffs in review to make the surrender, and ordered judgment to be entered for the defendant in review."

The plaintiffs in review then tendered a bill of exceptions reciting and excepting to the rulings and refusals of *Rockwell*, J., at October term 1873, (as stated in the bill of exceptions then allowed, and above set forth,) and also those of *Bacon*, J., at April term 1874, and this bill of exceptions was allowed and signed by both judges.

*R. M. Morse, Jr.* (*R. Stone, Jr.* with him,) for the plaintiffs in review. .

*R. D. Smith*, (*H. L. Hazelton* with him,) for the defendant in review.

GRAY, C. J.  A review, under our statutes, is equivalent to a new trial after judgment.  Everything is open upon the review which might have been suggested in the original action.  *Good* v. *Lehan*, 8 Cush. 299.  *Anderson* v. *Brown*, 10 Gray, 92.  The original judgment is not indeed set aside, but stands until the

---

the attorney for the defendant sent to the attorney of the plaintiff a letter stating that the case might be defaulted when reached.  The defendants were defaulted on June 22, and on June 23 the defendant Taylor filed a petition in bankruptcy in the United States District Court, and moved in the Superior Court that the case be continued as to Taylor to await the bankruptcy proceedings.  This motion was opposed by the counsel for the plaintiff.  The judge ruled that he had no discretion, and was obliged to continue the case. The plaintiff alleged exceptions.

*G. W. Morse*, for the plaintiff. .

*P. A. Collins & G. A. Griffin*, for the defendants, were not called upon.

BY THE COURT.  No final judgment having been rendered in the court below, these exceptions have been prematurely entered in this court, and must be                                                                              *Dismissed.*

judgment in the review, which may affirm, reverse or modify the former judgment, in whole or in part, or make such other disposition of the case as may be necessary to secure the just and legal rights of all parties. *Foster* v. *Plummer*, 3 Cush. 381. *Gifford* v. *Whalon*, 8 Cush. 428. *Brown* v. *Brigham*, 5 Allen, 582. *Fuller* v. *Storer*, 111 Mass. 281.

After the return and entry of the writ of review, this case should have been treated by the court as if the *scire facias* were still pending ; and the bail had the same right to surrender their principal that they would have had, under the Gen. Sts. *c.* 125, § 12, before judgment in the *scire facias*, and were not obliged, for the purpose of making such surrender, to wait until after judgment upon the review. Indeed, after that judgment had been entered, the case would be finally disposed of, and it would be too late for a surrender of the principal.

In *Swett* v. *Sullivan*, 7 Mass. 342, 348, Chief Justice Parsons said that after the entry of final judgment in the original action, "and until the return and entry of the writ of review, no suit would be pending so that the bail could surrender their principal " — clearly implying that after the entry of the writ of review such surrender could be made.

In *Thayer* v. *Goddard*, 19 Pick. 60, 64, Chief Justice Shaw said that in *Jones* v. *Howland*, decided in 1830, and not reported, "the court reversed a judgment rendered on *scire facias* against bail, and accepted the surrender of the principal in discharge of bail, in the same manner as if no judgment against the bail had been rendered."

The inference sought to be drawn by the learned counsel for the defendant in review, from this statement of the case of *Jones* v. *Howland* — that the original judgment must be first reversed before the bail could surrender their principal — is hardly justified by the words of the chief justice, and is clearly excluded by referring to the papers on file, which show the proceedings to have been as follows : Jones and Lincoln, the bail, having been defaulted upon the *scire facias*, and judgment rendered against them for debt and costs, sued out a writ of review "for reversing the said judgment and recovering back" the amount thereof from the original plaintiffs. At March term 1830 of this court, the bail, having paid the costs of the *scire facias* and of the review,

surrendered the principal in court, and prayed that they might be discharged from their liability; and the court, after argument, ordered the principal to be remanded to the custody of the sheriff, and that their application should be continued *nisi* for advisement of the court. At March term 1831, the bail made a motion in writing, setting forth the surrender and application for discharge, the remanding to custody and continuance for advisement, and further that afterwards, at October term 1830 in Plymouth, "judgment was pronounced by the court that the surrender made as aforesaid was valid and effectual, and that judgment be rendered in said suit accordingly, but that by some omission or mistake no order was issued or given to the clerk of this court to enter the same, by reason of all which said action now stands open as if for trial;" and praying that the clerk might be ordered to enter up judgment as of March term 1830. This motion is indorsed by the hand of Chief Justice Shaw, "Granted to be entered *nunc pro tunc* as prayed," and has appended to it this order, signed by the clerk: "Ordered that said record be made in manner as prayed for." The entry of judgment upon the docket is thus: "Judgment for the plaintiffs in review that the judgment on *scire facias* be reversed, and the said Jones and Lincoln be discharged from their suretyship." The record, whether from oversight of the clerk or agreement of parties, was never extended. But from the above it clearly appears that the surrender of the principal was not made after the judgment upon the review, but some months before, and could be treated as made at the time of that judgment only by virtue of the detention of the principal by the sheriff under order of the court, while the case was under advisement.

Nor can any rule as to the order of proceeding be derived from the statement, in the opinion in *Thayer* v. *Goddard*, 19 Pick. 60, 65, that "on a reversal of the judgment the bail may surrender their principal." The only question before the court in that case was whether a writ of review should be granted. And in contemplation of law, the surrender of the principal into court and the judgment discharging the bail are contemporaneous.

The right of the bail to surrender their principal into court at any time before final judgment and be discharged, upon payment of costs, is given by statute, and does not depend upon the dis-

cretion of the court. Gen. Sts. *c.* 125, § 12. *Thayer* v. *Goddard,*
*ubi supra.* In the present case, the proper course of proceeding,
and in accordance with the authorities, would have been for the
court, upon being satisfied that the bail were ready to surrender
their principal, to order that, upon such surrender, and payment
of costs, the original judgment should be reversed and the bail
discharged.

Both orders passed by the Superior Court upon the writ of
review were therefore erroneous. The first order being based
upon the ruling that the principal could not be surrendered
and the bail discharged until after the original judgment had
been reversed or annulled, exceptions seasonably taken to it
might, after the final judgment for the defendant in review, be
entered and heard in this court. The second order, although it
shows, by the words "*pro forma,*" that the presiding judge did
not consider any question of law, equally shows, by the words
"as matter of law," that his judgment was not based on any
matter of fact or discretion; and its necessary effect being to
deprive the bail of a legal right, it is open to revision on excep-
tions.

The two orders having been passed by different judges, it was
irregular to embrace the exceptions to both orders in one bill.
The regular course of practice would have been to enter anew in
this court the exceptions to the first order, which were duly al-
lowed by the presiding judge at the term at which they were
taken, and were dismissed a year ago by this court because no
final judgment had then been rendered in the court below; and
to confine the second bill of exceptions to the second order. But
with the consent of counsel, signified to us at the argument, the
bill of exceptions, jointly allowed by the two judges, has been
treated by the court, *reddendo singula singulis,* as if it had been
separated into two, each signed by the judge whose ruling was
stated therein.                                    *Exceptions sustained.*