CHARLES E. GIFFORD *vs.* CATHERINE ROCKETT & trustee.

Bristol.   October 26, 1875.   WELLS & MORTON, JJ., absent.

Exceptions, alleged by the plaintiff in trustee process to a ruling in favor of an adverse claimant to the funds in the hands of the trustee, cannot be entered in this court before judgment has been rendered in the court below discharging the trustee for the amount allowed to the claimant.

TRUSTEE PROCESS begun in the Police Court of Fall River, where the principal defendant and the trustee were defaulted, and James Featherstone appeared as claimant of the funds in the hands of the trustee, and was adjudged to be entitled to the funds, and the plaintiff appealed. In the Superior Court, *Wilkinson*, J., ordered that the trustee be charged on his default in the court below, and found for the claimant in the sum of $55.01. No judgment was entered against the defendant. The plaintiff alleged exceptions to this order, which need not be stated.

*A. N. Lincoln*, for the plaintiff,

*H. K. Braley*, for the claimant.

GRAY, C. J.   An adverse claimant of funds in the hands of a trustee is made a party to the suit, only for the purpose of being heard upon the question whether, and for what amount, the trus-

tee shall be charged; he is entitled to be heard even if the trustee is defaulted; and he cannot, except in the matter of costs, have judgment in his own name against the plaintiff or the defendant or the trustee. Gen. Sts. *c.* 142, §§ 15, 16, 73. *Morrison* v. *McDermott*, 6 Allen, 122. *Boylen* v. *Young*, 6 Allen, 582. *Fuller* v. *Storer*, 111 Mass. 281. *Stockwell* v. *Silloway*, 113 Mass. 382. *Peck* v. *Stratton*, 118 Mass. 406.

If, as was admitted at the argument of these exceptions, the amount to which the claimant was held by the Superior Court to be entitled equalled the whole fund in the hands of the trustee, it may well be doubted whether the provision of the Gen. Sts. *c.* 142, § 13, that a person, duly summoned as trustee, who, not appearing or answering, is defaulted, shall be adjudged a trustee, could rightfully be applied to the case.

But that fact does not appear upon the record before us, and, however it may be, a ruling in favor of the claimant is no more than an interlocutory order; and, until it has been embodied in a judgment as between the plaintiff and the trustee, discharging the latter so far as the claimant is held to have maintained his claim, exceptions to the ruling cannot be entered in this court, because the record has not been completed and the case finally disposed of in the court below. *Safford* v. *Knight*, 117 Mass. 281. *National Bank of Clinton* v. *Taylor*, 117 Mass. 283, note.

The principal defendant having been defaulted in the Police Court, and not having appealed to the Superior Court, nor moved in that court to take off the default, the case might, as to him, be treated as finally disposed of; because nothing remained to be done to entitle the plaintiff to the formal judgment accompanying an award of execution, and the plaintiff could not have taken such judgment and execution without waiving his exceptions to any order discharging the trustee. *Jarvis* v. *Mitchell*, 99 Mass. 530.

But because the case does not appear by the record to have been finally disposed of in the court below as between the plaintiff and the trustee, the exceptions have been prematurely entered here, and must be *Dismissed.*