SAMUEL WEST *vs.* ISAAC L. PLATT & another.

Suffolk. November 14, 1877. COLT & AMES, JJ., absent.

ISAAC L. PLATT & another *vs.* THE JUSTICES OF THE SUPE-
RIOR COURT.

Suffolk. April 1. — 2, 1878. AMES & MORTON, JJ., absent.

An order of the Superior Court, directing an agreed statement of facts to be dis-
charged and a trial by jury had in a case in which judgment upon the statement
of facts has been rendered by that court, and, on appeal, ordered by rescript of this
court to be affirmed, cannot be brought to this court by bill of exceptions before
the trial so directed by the Superior Court.

After a judgment of the Superior Court on an agreed statement of facts has been
affirmed by this court on appeal, and a rescript transmitted accordingly, it is within
the power and discretion of the Superior Court, if satisfied that, by mistake of
parties or counsel, or misunderstanding of that court, a question of fact essential
to the determination of the rights of the parties has not been tried, to order the
statement of facts to be discharged, and the case tried by a jury.

THE FIRST CASE was an action of contract for the recovery
of damages for breach of a contract for the sale and delivery of
a quantity of plate glass, with a count for money paid.

At January term 1876 of the Superior Court, the case was
submitted for judgment on an agreed statement of facts, by
which, if the court should be of opinion, upon the case submit-
ted, that the defendants had committed the breach of contract al-
leged, judgment was to be entered for the plaintiff for $2830.24
and interest, and otherwise judgment to be entered for the plain-
tiff for $410 and interest. The Superior Court entered judg-
ment for the plaintiff for $464.53; and the plaintiff appealed to
this court.

The case was argued in this court, and on June 23, 1876, this
court transmitted a rescript to the Superior Court, ordering the
clerk of that court to make the following entry under this case
in the docket of that court, "Judgment affirmed," and contain-
ing the following brief statement of the grounds and reasons of
the decision: "It does not appear but that the Superior Court
decided the case upon inferences of fact. There is no error of
law shown from which an appeal lies to this court." See 120
Mass. 421.

Upon the filing of that rescript in the Superior Court, the
plaintiff filed a motion that the agreed statement of facts be dis-

charged, and the case stand for trial by jury; and this motion was granted by *Rockwell*, J., who allowed a bill of exceptions, setting forth the facts above stated, and concluding as follows:

" The case was continued from term to term in the Superior Court to October term 1876, on motion, until the question could be heard by Judge Rockwell, who ordered the judgment appealed from. After a hearing, in which it appeared that the agreed statement contained no clause authorizing the court to draw inferences of fact, and from the recollection of Judge Rockwell, and evidence of what he stated to counsel for the plaintiff shortly after he entered judgment, that he, in fact, formed no opinion upon the case submitted, and drew no inferences of fact, and entered a judgment after reading only so much of the papers as was proper to determine the form of entry, the court granted said motion, and ordered that said agreed statement be discharged, and that said cause stand for trial by jury. The defendants, being aggrieved by such order, except to the same."

*D. E. Ware*, for the defendants.

*O. W. Holmes, Jr. & W. A. Munroe*, for the plaintiff.

BY THE COURT. The order of the Superior Court that the statement of facts be discharged, and the case stand for trial, is not a final judgment, and cannot be brought to this court by bill of exceptions until the trial so ordered shall have been had, and the case finally disposed of in the court below. *Safford* v. *Knight*, 117 Mass. 281. *National Bank of Clinton* v. *Taylor*, 117 Mass. 283, note. *Hogan* v. *Ward*, 117 Mass. 67. These exceptions have therefore been prematurely entered in this court, and must be                                                                  *Dismissed.*

THE SECOND CASE was an alternative writ of mandamus to compel judgment to be entered in the Superior Court in accordance with the rescript of this court, which that court, on motion made January 26, 1878, had declined to do, under the circumstances stated in the report of the first case, *supra*, and appearing by the allegations of the alternative writ and of the return thereto, which were admitted to be true, and upon which the application for a peremptory writ was heard by *Soule*, J., and refused. To this refusal the petitioner alleged exceptions.

*D. E. Ware*, for the petitioner.

*O. W. Holmes, Jr. & W. A. Munroe,* for the respondents, were not called upon.

GRAY, C. J.    This application is founded upon a misapprehension of the relation and powers of this court and the Superior Court, in cases in which questions of law are brought by exceptions or appeal from that court to this.    In order to warrant the entry of the appeal or bill of exceptions in this court, the case must indeed be so far disposed of in the court below as to appear upon the record to be ripe for a final judgment on which execution may issue.    But only the question of law reserved is brought to this court.    The case and the record thereof remain in the court below, and, after this court has sent down a rescript disposing of the question of law reserved, the effective final judgment must be entered and the execution issued in that court.    The decision of this court, as stated in its rescript, on the question of law reserved, is conclusive upon the Superior Court.    But if it appears to the satisfaction of that court that, by mistake of parties or counsel, or misunderstanding of that court, a question of fact which is essential to the determination of the rights of the parties has not been tried, it is within the power and discretion of that court to suspend the entry of final judgment, and to set aside a verdict or discharge a statement of facts, in order to afford an opportunity of presenting that question to the court or jury.    Gen. Sts. *c.* 112, §§ 11, 15; *c.* 114, §§ 10–12; *c.* 115, §§ 7, 12.    *Commonwealth* v. *Gloucester*, 110 Mass. 491.    *Shannon* v. *Shannon*, 10 Allen, 249.    *Bryan* v. *Bates*, 12 Allen, 201, 205.    *Commonwealth* v. *Scott*, 123 Mass. 418, 420.

The exercise of that judicial discretion cannot be revised by writ of mandamus.    And it would be little short of absurdity to compel the Superior Court to enter a final judgment under circumstances that would warrant the same court, if judgment had been entered, in granting a review, under the Gen. Sts. *c.* 146, or in setting aside the judgment on petition, under the St. of 1875, *c.* 33.                    *Exceptions overruled.*