## GEORGE CROSSIN *vs.* CHARLES D. BEEBE.

Berkshire.    September 13, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions, Verdict.

Until a general verdict has been returned on which a judgment can be entered, no
exception lies to the refusal of a presiding judge to rule upon facts found by the
jury in answer to specific questions.

BRALEY, J.    This is an action of contract brought in the
District Court of Central Berkshire to recover a balance due on
a promissory note given by the defendant, on which several pay-
ments had been made.    The answer pleaded payment and tender
before suit of the amount admitted to be due, followed by pay-
ment into court of this sum for the use of the plaintiff.

At the trial on appeal in the Superior Court, the sole issue of
fact was whether two of these payments, one of $50 and one
of $20 had been made.    The defendant contended and testified
that he had made the first payment by his check to the order of
the plaintiff delivered to the plaintiff's wife, and the second in
money to a son of the plaintiff, who had been sent to demand
" money on the note," each of whom as a witness contradicted
his evidence.

It appeared that the payee's name was indorsed on the back
of the check, which was presented to and paid by the bank on
which it was drawn, and charged to the defendant's account;
and there was evidence that this indorsement was made by one
of the plaintiff's sons, though the plaintiff denied that he had
received either the check or the money, or that the indorsement
was made by his authority.

On this state of the evidence, the defendant asked for an in-
struction to the jury that " if you find that the plaintiff sent his
wife to the defendant to collect money on the note, and the de-
fendant gave to her his check of $50 as a payment on the note,
and she accepted it as such payment and afterwards failed to
deliver the check to the plaintiff, but took it or caused it to be
taken to the bank, and procured her son to write the plaintiff's

name on the back of the check, and either personally or through some other person collected the $50 on the check at the bank and failed to hand the money over to the plaintiff, then the defendant is entitled to credit on the note for the amount of the check."

This instruction was refused, and the defendant excepted, when without any objection or exception being taken by either party, and without argument, these questions of fact were submitted by the presiding judge to the jury.

"First, whether or not a check of $50 was given April 22, 1892, and I am going to ask you to answer that question yes or no, bearing in mind that what may be its worth, the burden is upon the defendant to establish that he gave it to a person who was authorized by the plaintiff, the holder of the note, to receive it on his behalf. Did the wife of the plaintiff go to this defendant and did this defendant give her a check for $50 ? "

"Second, on March 6, 1894, did the defendant give to the son of the plaintiff the sum of $20 ? "

Both of these questions were answered in the affirmative, but after these special findings had been made, no general verdict in favor of either party was ordered or returned, and no further action appears to have been taken. The record of the case thus fails to show that judgment can be entered for either party, or that the defendant is aggrieved by the refusal to give the ruling requested.

Until the case is ripe for final judgment, these proceedings therefore must be treated as purely interlocutory ; and as the exceptions are prematurely entered in this court, they must be dismissed. *Safford* v. *Knight,* 117 Mass. 281, 283. *West* v. *Platt,* 124 Mass. 353. *Lowd* v. *Brigham,* 154 Mass. 107, 109, 110.

*So ordered.*

*H. C. Joyner,* for the defendant.
*P. J. Moore,* for the plaintiff.