ADELAIDE P. FARRIS, administratrix, *vs.* ST. PAUL'S BAPTIST
CHURCH.

Suffolk.    January 29, 1914. — February 26, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Exceptions, Appeal.

While the question of the allowance or disallowance of exceptions, taken by a
defendant at the trial of an action in the Superior Court which resulted in a
verdict for the plaintiff, is pending before the judge who heard the case, this
court will not hear exceptions to an order of the court amending the record by
striking out an entry of judgment which purported to be entered by the clerk
under Rule 64 of that court without the defendant's exceptions first having
been dismissed.

This court cannot consider an appeal from an interlocutory order until there has
been a final judgment.

CONTRACT.   Writ dated February 2, 1912.

The case was tried before *White,* J., and there was a verdict
for the plaintiff on April 8, 1913.   On April 24 the defendant
alleged exceptions.   On June 27 the time for the presentation and
allowance of exceptions was extended to October 1.   On Septem-
ber 29 there was a hearing before the judge on the question of the
allowance of the exceptions, and he took the matter under ad-
visement, without making any order as to their allowance or dis-
allowance or an extension of time for their allowance.   On Oc-
tober 6 the clerk of the court, without giving to the defendant
the notice required by Rule 64, and without a dismissal of the
exceptions, entered judgment upon the verdict for the plaintiff
and issued an execution.

On November 11, on motion of the defendant, *Jenney,* J., made
an order that "The record be amended by striking out therefrom
the entry of judgment made on October 6, 1913, and by striking
out therefrom any and all matters relative to the issuance of exe-
cution, so that said record will stand as amended without there
appearing upon the same anything relative to the entry of judg-
ment or the issuance of execution, and that the execution issued
be quashed and recalled."   The defendant alleged exceptions
and appealed from the order.

Thereafter the plaintiff moved for an entry of judgment under Rule 64, as interpreted by the justices of the Superior Court on January 11, 1913.*  The motion was denied by *Pierce,* J., and the plaintiff alleged exceptions and appealed.

*G. A. Sanders,* for the plaintiff.

*J. T. Maguire,* for the defendant.

RUGG, C. J.  The Superior Court set aside the entry of a judgment and the issuance of an execution thereon in favor of the plaintiff, within the month thereafter, upon the ground as recited in its order that the "entry of judgment and issuance of execution are erroneous and made by mistake."  The plaintiff appealed from this order.  She also filed a motion that judgment be entered in her favor notwithstanding the making of the order, for reasons of law not necessary now to be discussed.  This motion was denied and she appealed.  A bill of exceptions to the denial of her motion has been allowed and is here.

The Superior Court having set aside the judgment, the case stands in that court for further proceedings upon an earlier bill of exceptions of the defendant seasonably filed, but not yet allowed nor passed upon.  It is apparent that the Superior Court has not reached a point in its consideration where the case is ripe for final judgment.  The questions raised by these appeals and the present bill of exceptions relate to interlocutory matters. It has been decided many times that exceptions respecting interlocutory rulings and orders will not be passed upon by this court until the case is ripe for final judgment. *Weil* v. *Boston Elevated Railway, ante,* 545.  *Bennett* v. *Clemence,* 3 Allen, 431.  *Marshall* v. *Merritt,* 13 Allen, 274.  *Safford* v. *Knight,* 117 Mass. 281.  *Gifford* v. *Rockett,* 119 Mass. 71.  *Platt* v. *Justices of the Superior Court,* 124 Mass. 353, 355.  *Boyce* v. *Wheeler,* 133 Mass. 554.  *Comins* v. *Turner's Falls Co.* 140 Mass. 146.  *Crossin* v. *Beebe,* 186 Mass. 472. *Brooks* v. *Shaw,* 197 Mass. 376.  This court cannot consider an appeal until there has been a judgment. *Cotter* v. *Nathan & Hurst Co.*

---

* This interpretation was as follows: "At a meeting of the Justices, held January 11, 1913, the following vote was adopted with regard to Rule 64: 'In the opinion of the Justices, when the time for the hearing and allowing of exceptions is extended, the effect is that the bill must be presented and allowed before the expiration of the time as extended, or judgment will follow.'"

211 Mass. 31, *Oliver Ditson Co.* v. *Testa,* 213 Mass. 109, and cases, cited in each opinion. There are no exceptional circumstances about the case at bar to bring it within the principle declared in *Lowd* v. *Brigham,* 154 Mass. 107, and followed in *Shawmut Commercial Paper Co.* v. *Cram,* 212 Mass. 108. See *Cressey* v. *Cressey,* 213 Mass. 191.

As these exceptions and appeals are brought here prematurely, the order must be

*Exceptions dismissed.*
*Appeals dismissed.*