ARTHUR H. WHITNEY *vs.* ROSE M. PORTER.

Middlesex.    January 22, 1925. — February 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Practice, Civil*, Review, Amendment, Exceptions.

A review under G. L. c. 250, § 22, is equivalent to a new trial after judgment and everything is there open as it would have been in the original action; but the judgment is not set aside, and stands until judgment in review, which may affirm, reverse, or modify the former judgment in whole or in part, or make such other disposition of the case as may be necessary to secure the just and equal rights of the parties. Per BRALEY, J.

After the issuance of a writ of review of a judgment entered for the plaintiff upon a default by the defendant in an action of tort for deceit, the Superior Court has no power to allow an amendment to the writ changing the action from tort to contract, nor an amendment striking out the original declaration and substituting therefor a claim upon an account annexed for a commission for procuring a construction loan.

If, after an allowance of the amendment above described, subject to exceptions by the plaintiff in review, the action proceeds to trial in review before another judge and there is a verdict for the defendant in review, it is not necessary to consider rulings by the judge and exceptions saved by the plaintiff in review at such trial, since, the rulings allowing the amendments having been unsound, the second trial was a mistrial.

PETITION, filed on January 13, 1917, for a review of a judgment in favor of the defendant in review against the plaintiff in review entered in the Superior Court on January 3, 1916, in the sum of $2,255.45. The petition was granted and the writ issued on January 23, 1917.

On December 3, 1917, the action came on for trial on review before *Aiken,* C.J., when the defendant in review, subject to exceptions by the plaintiff in review, was permitted to amend the writ from a writ in an action of tort to one in contract and to amend the declaration by substituting for the original declaration, alleging deceit and false representations, a declaration upon an account annexed for $1,500, a commission "for procuring construction loan of $60,000" and $386, interest from November 1, 1908, to February 14, 1913, the date of the writ in the original action.

The action afterwards was tried before *Whiting,* J., when a motion by the plaintiff in review that a verdict be ordered in his favor was denied and certain requests for rulings were refused, and the jury answered affirmatively questions determinative of the liability of the plaintiff in review to the defendant in review for the commission alleged, and found for the defendant in review. The plaintiff in review alleged exceptions.

*C. F. Eldredge,* (*P. G. Ryan* with him,) for the plaintiff in review.

*W. J. Barry,* for the defendant in review.

BRALEY, J. The defendant Porter on January 3, 1916, having recovered final judgment for damages assessed by the court in an action of tort against the plaintiff in review, who never appeared but was defaulted, he petitioned thereafter for a writ of review, which was granted, and the execution was stayed or superseded.

A review under our law is said to be equivalent to a new trial after judgment, and everything is open upon the review as it would have been in the original action. But the judgment is not set aside. It stands until the judgment in review, which may affirm, reverse, or modify the former judgment in whole or in part or make such other disposition of the case as may be necessary to secure the just and equal

rights of all parties. *Safford* v. *Knight*, 117 Mass. 281, 284. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114, 118. G. L. c. 250, § 22. If issue had been joined in the original suit, the case upon review could be tried upon the original pleadings or on any amendment of the original pleadings. G. L. c. 250, § 31. *Fuller* v. *Storer*, 111 Mass. 281, 282, 283. But § 32 provides, that where judgment in the original action, as in the case at bar, is rendered without a joinder of issue, the parties shall plead or answer upon the review in like manner as they might have done in the original action, and the case shall be tried upon any issue of fact or law joined upon such pleadings or answer.

The judgment was founded on alleged actionable misrepresentations, as stated in the declaration, of Whitney, and other persons joined as defendants against whom the plaintiff before judgment had discontinued. *Good* v. *Lehan*, 8 Cush. 299, 300. The defendant in review could be permitted so to amend her declaration as to state her claim in tort more fully or accurately as she might have done in the original action. But the petition for review as well as the writ of review related solely to a judgment in an action of tort. There was no judgment in an action of contract in existence, and the allowance of the amendment changing the action from tort to contract transformed the proceedings to a review of a judgment which could not lawfully have been entered. The amendments to the pleadings which may be allowed under § 31, and the pleadings permissible under § 32, are the formal allegations by the parties of their respective demands, claims and defences, and do not embrace the substitution by way of amendment of an action of contract for an action of tort as stated in the writ. The allowance of the amendment making such change was wrong.

If the cause of action could not be altered, the amendment striking out the original declaration and substituting a declaration on an account annexed for a commission in procuring a construction mortgage loan also was improperly allowed.

It does not specifically appear whether after these rulings, to which the plaintiff in review excepted, the trial proceeded

to a final conclusion, and accordingly we treat this bill of exceptions as interlocutory. *Farris* v. *St. Paul's Baptist Church*, 216 Mass. 570. The case, while the first bill of exceptions was pending came on for further trial before another judge of the court, and the defendant in review obtained a verdict on the amended writ and pleadings. It is, however, unnecessary to review the denial of the motion of the plaintiff in review for a directed verdict, or his exceptions to the admission of evidence, or to the denial of various requests for rulings, or to the instructions. The presiding judge undoubtedly was bound by the record as it stood under the rulings previously considered, which had not been reversed. But, these rulings having been unsound, the second trial resulted in a mistrial, and the general entry must be,

*Exceptions sustained.*