Carr, J.
This is an action of contract brought by trustee process in which John Druker and Frank Brilliant were summoned as trustees of the defendant. The Oil-O-Chron Inc., a Massachusetts corporation was admitted as claimant of the funds in the possession of the trustee by virtue of an assignment from the defendant. The trustees filed an answer, hereinafter referred to, that they had funds belonging to the defendant in the amount of $420. The defendant was served by publication and defaulted. The issue is the validity of the determination of the court in favor of the claimant and of his order discharging the trustee.
It appears that the plaintiff had entered into a contract with the defendant for the installation of certain automatic controls for the plaintiff’s heating system, the defendant agreeing that a 25% saving in fuel would be effective and that if this was not accomplished by December, 1930 to remove the installation and refund all money paid. The plaintiff, alleging that the saving was not effected, sued for a return of the $450. alleged to have been paid.
After the contract was made and the time when the breach of the agreement to effect the saving was alleged to have occured, the Oil-O-Chron, Inc. was formed, on January 2, 1931, and the defendant thereupon assigned to the corporation all its assets, including its claim against Druker and Brilliant. The Oil-O-Chron Inc. agreed to assume certain liabilities of the- defendant but these did not include the liability to return the $450. paid by the plaintiff; on the contrary, the plaintiff’s contract was. listed, as an asset.
*641 At the healing on the claimant’s claim, the contract and the assignment were in evidence. There was also evidence that the assignment to Oil-O-Chron Inc. was in fraud of creditors. The plaintiff testified that he discovered in December, 1930, that he was not saving on oil but, on cross-examination, that he had no record whatever of his oil consumption.
The plaintiff’s contention is that he was a creditor of the defendant by virtue of the defendant’s alleged, breach of contract and duty to return the $450. paid, and that as the assignment was fraudulent as to creditors it was ineffective as to him.
The judge found that the plaintiff was not a creditor, allowed the claimant’s claim and discharged the trastee. If the judge were not precluded from making this finding, it disposed of all the plaintiff’s requests for rulings, for if he was not a creditor, all the requests as to the rights of creditors were immaterial. It should be pointed out that the plaintiff made no request for a ruling that on the state of the record and the evidence, the judge must find that the plaintiff was a creditor. His requests were based on two assumptions of fact — 1. that the assignment was fraudulent — 2. that the plaintiff was a creditor; they did not request the judge to rule that he must, find these facts.
Although not important on the issue presented by this appeal, it does not appear that the report of the master in Blume v. Oil-O-Chron Inc. had any place in this trial. It does not appear what the issues were in that case; nor that the parties were the same as in the case before us; nor does it appear what action was taken by the court on the master’s report. In any event, the master’s report is not evidence as an adjudication between the parties until it has been accepted and judgment rendered upon it. Nash v. Hunt, 116 Mass. 237, 249.
*642 We, however, review the issues presented by the plaintiff as if properly saved.
The plaintiff argues that the defendant’s default established the fact that the defendant owed the plaintiff $450. who consequently was a creditor and that this issue cannot be tried again in the collateral issues raised bv .the claimant to the fund in the hands of the trustees. As he put it, the plaintiff cannot be forced to try his case on the merits all over again for the benefit of a claimant.
Obviously, the evidence did not compel a finding that defendant owed plaintiff, which finding would result in holding plaintiff a creditor of defendant. Plaintiff originally testified that he was not saving on his oil but on cross-examination he stated that he had no record whatever of his oil consumption. The judge did not have to believe the plaintiff’s original statement. Nor do we think that the admission by default that defendant owed plaintiff precluded the claimant from raising that issue in his claimant proceedings so far as was necessary to show that his assignment was valid.
The statute relating to a claimant provides that he shall be admitted as a party in order to determine his title to such goods, effects or credits, and may allege and prove any facts which have not been stated or denied by the supposed trustee. No limits are placed by the statute on the issues to be tried except as to those determined by the trustee’s statements and denials.
The adverse claimant is a party to the proceedings so far as the determination of his title is concerned. He is entitled to an adjudication as to the validity of his claim which will become res judicata, binding the other parties to the proceeding. Kelly v. Foley, 284 Mass. 503, 507; Dolan v. Mucci, 1936 A. S. 1199, 1204. If he does not prevail and final judgment is rendered for the plaintiff and *643 charging the trustee, he is barred from further asserting his claim against the trustee. Fuller v. Storer, 111 Mass. 281, 284. If he does prevail, except where he holds his claim as security, though he is not entitled in the same proceedings to a judgment against the parties except for costs, he is entitled to have the trustee discharged. Dullman v. Marshall, 37 App. Div. 192 (#293977) of this court; Zani v. Phandor, 281 Mass. 139, 150. Where he holds an assignment of this fund as security for a debt, at the request of the plaintiff, the amount of the debt shall be determined and he shall have judgment and execution for this amount so found and the trustee shall be charged for the residue if any in his possession. Gen. Laws (Ter. Ed.) Ch. 296, §34.
Under these circumstances, justice could not be done to a person with a valid claim against the funds in the trustees’ hands without hearing all the evidence pertinent to prove the validity of the claim. Under plaintiff’s proposition, he would be deprived of his right without hearing. The claimant of funds has no interest in the settlement of issues as between plaintiff and defendant. He cannot prevent these parties from making any agreement they choose between themselves. He can neither cross-examine their witnesses nor offer evidence in their trial. He is not a party to that part of the proceedings.
If a person has title to property under attachment in an action to which he is neither a party nor required to appear as a party he does not lose his rights by a judgment in that case. He may raise the issue collaterally. Karp v. First National Bank, 1936 A. S. 1717; Cleaveland v. Malden Savings Bank, 1935 A. S. 1685, 1688; Habib v. Evans, 222 Mass. 480.
We see nothing about proceedings in trustee process that permit either the plaintiff or the defendant or the *644 trustee except as provided by statute to deprive the claimant of trusteed property of a full hearing on the subject nor which require him to assert his rights in another proceeding. Wheeler v. Aldrich, 13 Gray 51; Zani v. Phandor Co., 280 Mass. 139.
Dealing it is true with the effect of a defective service on the trustee, in the Zani case at page 146 the court said, “The claimant has intervened as a party. Agreement by the trustee, the original defendant, and .the plaintiff cannot affect his rights as a party”.
In the pending case, where the defendant has defaulted only and no judgment has been entered, the issues between the plaintiff and defendant are res judicata as to no one. The default of the defendant may yet be removed and the issues determined against the plaintiff. So far as the plaintiff rests on res judicata the case has not yet reached the stage where either plaintiff or defendant is concluded.
Report dismissed.