## JOHN HAMILTON *vs.* JOHN M. FARRAR.

Middlesex.   Jan. 16. — March 2, 1880.   COLT & LORD, JJ., absent.

If two tenants in common of an estate, part of which is a mill privilege, make partition thereof, and execute mutual deeds of release, which stipulate that neither the grantor, nor his heirs, nor any other person claiming under him or them, shall " claim or demand any right or title to the aforesaid premises or their appurtenances, or to any part or parcel thereof forever," this is an extinguishment of the privilege, which cannot be revived by a grantee of one of the cotenants as against the other.

COMPLAINT under the mill act, Gen. Sts. *c.* 149. Trial in the Superior Court, without a jury, before *Colburn*, J., who ruled that the respondent was not entitled to flow the complainant's land without compensation, and ordered judgment for the complainant. The respondent alleged exceptions, which appear in the opinion.

*H. W. Bragg*, for the respondent.

*G. C. Travis*, for the complainant.

MORTON, J. The city of Boston in 1858 conveyed to Hamilton and Brown ,a tract of land with the buildings thereon in Framingham, called the " Upper Privilege," upon which was

then a mill-dam. This undoubtedly conveyed to them the mill privilege and the right to flow the land above the dam in the manner in which it had been flowed. But in 1860, Hamilton and Brown sold the mill building, which was taken down and carried away, and tore down the dam, leaving only a part of the abutments, and used the land above, which had been flowed by it, for agricultural purposes, occupying it as tenants in common. In 1862, they made partition of their land above the dam, the dividing line running across the southerly abutment of the old dam, and executed to each other mutual deeds of release. In each deed, the grantor conveys all his "right, title and interest" in the land described. The habendum clause in the deed from Brown to Hamilton is as follows: "To have and to hold the released premises, with all the privileges and appurtenances thereto belonging, to the said John Hamilton and to his heirs and assigns, so that neither I, the said Joseph Brown, nor my heirs, nor any other person claiming from or under me or them, in the name, right or stead of me or them, shall or will by any way or means have, claim or demand any right or title to the aforesaid premises or their appurtenances, or to any part or parcel thereof forever." The habendum clause of the deed from Hamilton to Brown is in the same language, *mutatis mutandis*.

The two grantors, being the owners as tenants in common of the mill privilege and of the land to which it was attached, had the right, if they saw fit, to abandon and extinguish it. *French* v. *Braintree Manuf. Co.* 23 Pick. 216. The continued existence in either of a right to flow the land of the other is inconsistent with the deeds. The assertion of such right is a direct violation of their stipulations. The deeds therefore necessarily operate as a voluntary abandonment and extinguishment of the mill privilege.

It follows that the respondent could not and did not derive from Brown any right to build a dam on the site of the old dam, and to flow the complainant's land without compensation. The ruling of the Superior Court was correct.

*Exceptions overruled.*