JOHN HAMILTON *vs.* JOHN M. FARRAR.

Middlesex.　November 14. — 15, 1881.　MORTON & ALLEN, JJ., absent.

If exceptions are taken by the respondent to rulings of the Superior Court at the trial of a complaint under the mill act, Gen. Sts. c. 149, which are overruled by this court after the verdict of a sheriff's jury assessing the complainant's damages in accordance with that act has been returned into and accepted by the Superior Court, the verdict is not " allowed and recorded," within the meaning of the Gen. Sts. c. 149, § 21, until after the overruling of the exceptions; and, after judgment by the Superior Court for the complainant for past damages and costs, an election by him to take damages in gross, although made more than three months after the acceptance of the verdict, is not too late, and he is entitled to judgment on the verdict.

GRAY, C. J. This is an action of contract, brought July 30, 1880, under the Gen. Sts. c. 149, § 25, to recover the amount of damages in gross awarded to the plaintiff by a sheriff's jury upon a complaint under that chapter for the flowing of his land by the defendant's mill-dam.

In accordance with the provisions of the statutes, an issue joined on the answer in bar of that complaint was tried in the Superior Court, and decided in favor of the complainant, at June term 1879, and a bill of exceptions tendered by the respondent to the rulings in matter of law at the trial of that issue was allowed by the presiding judge. Gen. Sts. *c.* 149, §§ 8–11; *c.* 115, § 7. The decision of that issue was merely interlocutory, and the bill of exceptions could not be entered and determined in this court until after final judgment in the Superior Court. *Nutting* v. *Page*, 4 Gray, 581, 586. *Safford* v. *Knight*, 117 Mass. 281.

The Superior Court accordingly, at October term 1879, issued a warrant for a sheriff's jury, whose verdict, assessing, as required by the mill act, the complainant's past damages, his future annual damages, and his damages in gross, was returned into and accepted by the Superior Court on December 30. Gen. Sts. *c.* 43, § 43 ; *c.* 149, §§ 13, 14, 18, 20. The respondent's exceptions to the rulings at the trial of the issue in bar of the complaint were argued in this court on January 16, and over-ruled on March 2, 1880, and the rescript was transmitted to the Superior Court on the next day. See *Hamilton* v. *Farrar*, 128 Mass. 492.

On April 1, 1880, the Superior Court rendered judgment for the petitioner for past damages and costs, and on April 6 the complainant elected to take the damages in gross, and execution was issued. The statute gave him the right to make this election " at any time within three months after the verdict is allowed and recorded." Gen. Sts. *c.* 149, § 21. The respondent contends that the election was too late, because it was not made within three months after the verdict was accepted in the Superior Court. But we can have no doubt that, so long as a bill of exceptions previously taken and allowed was pending, the sustaining of which would require the verdict to be set aside, the complainant was not bound to make his election whether to take gross or annual damages ; and that the verdict was not allowed and recorded, within the meaning of the statute, until the exceptions had been overruled by this court, and the complainant was entitled to judgment and execution upon the verdict of the sheriff's jury. Gen. Sts. *c.* 149, § 18. *Platt* v. *Justices of Superior Court*, 124 Mass. 353, 355.

In accordance, therefore, with the ruling of the judge presiding in the Superior Court at the trial of the present action, and with the terms of his report, there must be

*Judgment on the verdict for the plaintiff.*

*H. W. Bragg*, for the defendant.

*G. C. Travis*, for the plaintiff.