THE KIDDER PEABODY ACCEPTANCE CORPORATION *vs.*
OLD COLONY RAILROAD COMPANY & another.

Bristol. March 16, 1926. — May 26, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Eminent Domain. Damages,* For property taken or damaged under statutory authority. *Practice, Civil,* Premature action.

A petition in the Superior Court under St. 1906, c. 463, Part I, § 37, for the assessment of damages for land taken under § 36 of the statute in proceedings for the abolition of a grade crossing cannot be brought before entry upon the land by the respondent.

PETITION, filed in the Superior Court on December 24, 1923, for the assessment of damages for an alleged taking of land in accordance with a decree under St. 1906, c. 463, Part I, § 36.

The respondents answered in abatement in substance that the petition was prematurely brought. In the Superior

Court, *Morton*, J., reserved the action on the sufficiency of the answer for determination by this court.

*J. L. Hall*, (*M. Jenckes* with him,) for the defendants.

*H. W. Brown*, for the plaintiff.

CROSBY, J.   This is a petition to the Superior Court for the assessment by a jury of damages caused by the taking of land in the city of Taunton in proceedings for the abolition of certain grade crossings.   It is alleged in the petition that the taking in question was made by virtue of a decree of the Superior Court entered on June 10, 1913, under the provisions of St. 1906, c. 463, Part I, § 36, and acts in amendment thereof and in addition thereto; that among other lands taken for railroad or highway purposes was a portion of a parcel owned by the New England Cotton Yarn Company; that since the date of the entry of the decree the petitioner has acquired by conveyance and assignment from that company all its title and interest in the said parcel of land subject to the taking, and to the right to recover damages on account of such taking.

The petition was filed on December 24, 1923.   The respondents filed an answer in abatement.   The petitioner admits the truth of all the allegations of fact contained in the answer.   The case was reserved by a judge of the Superior Court for the determination of the questions of law raised by the answer in abatement.

The statute in force at the time of the taking relating to the bringing of petitions for the assessment of damages was St. 1906, c. 463, Part I, § 37, as amended by St. 1908, c. 390, § 1, and St. 1911, c. 486, § 1.   It is conceded by the petitioner that the time for the bringing of petitions for damages under § 37 was not affected by the above amendments.   This section provided in part as follows: "If the parties interested cannot agree upon said damages, any party may have the damages determined by a jury in the Superior Court for the county in which the property and crossing are situated, on petition, brought within one year after the time the property is entered upon and work actually begun thereon, in the same manner as damages may be determined which are caused by the taking of land for the locating of railroads and

the laying out or discontinuance of public ways, respectively, in such city or town." It is alleged in the answer and admitted by the petitioner "that there has been no entry upon the property by the respondents or commencement of work thereon."

The petitioner contends that under the statute (§ 37) a petition may be brought at any time after the taking and not later than one year after the entry. The respondents contend that the petition cannot properly be brought until entry has been made and that it must be brought within one year thereafter.

The language of § 37 is not ambiguous nor uncertain. In clear and unequivocal words it permits the petition to be brought within one year after entry on the premises and the actual commencement of work thereon. To authorize a petition to be maintained before entry and before any work had been done on the premises would be contrary to the plain implication of the statute. This construction seems to be in harmony with the natural interpretation of the words used and to be in accord with previous and subsequent legislation and with the decisions of this court. R. L. c. 111, § 153. St. 1903, c. 478. St. 1906, c. 463, Part I, § 37. St. 1908, c. 390, § 1. St. 1911, c. 486. St. 1918, c. 257, §§ 187, 204. *Hay* v. *Commonwealth*, 183 Mass. 294.

In *Everett* v. *Fall River*, 189 Mass. 513, it was held that, under R. L. c. 48, §§ 13, 27 and 28 (which was similar to the statute in the case at bar), a petition for the assessment of damages for the taking of land in the laying out of a highway, filed before any entry had been made upon the land for the purpose of constructing the way, must be dismissed as prematurely brought. And it was said by Sheldon, J. at page 517, "The natural construction of this statute is that the right to file the petition does not accrue until the right to compel payment of the damages to be assessed arises, i.e. until actual entry for the purpose of construction." *Bates* v. *Boston Elevated Railway*, 187 Mass. 328, 334.

It was also held in *Kendrick* v. *Boston & Albany Railroad*, 202 Mass. 1, 5, under the provisions of St. 1903, c. 478, limiting the time within which a petition for damages caused

by the abolition of a grade crossing must be brought to "one year after the time the property is entered upon and work actually commenced thereon," that the statute was "to be construed in connection with the statutes in regard to the laying out of ways, and so construed, the provision that an entry for the purpose of constructing any part of the laying out shall be deemed a taking possession of all of the lands included in the laying out, applies to lands or property taken for the purpose of laying out a way rendered necessary by the abolition of a grade crossing as well as to lands or property taken in the laying out of other ways."

We are of opinion that the case at bar cannot be distinguished in principle from the two cases last above referred to. St. 1911, c. 486, makes it clear that a petition for the assessment of damages cannot properly be brought until an entry has been made and work on the property has actually begun. The delay in the payment of compensation where land has been taken for public ways until entered upon and possession taken for the purpose of constructing the way was considered in *Edmands* v. *Boston*, 108 Mass. 535. It was there said at page 551, "It was probably considered by the Legislature that, in ordinary cases, the use of the land would compensate the owner sufficiently for the delay of payment." See also *Norcross* v. *Cambridge*, 166 Mass. 508. *Munroe* v. *Woburn*, 220 Mass. 116.

The change made in R. L. c. 111, § 153 by St. 1903, c. 478, § 1 (afterwards St. 1906, c. 463, Part I, § 37) which provided that petitions for the assessment of damages in grade crossing cases should be "brought within one year after the time the property is entered upon and work actually commenced thereon," undoubtedly was to avoid the situation of a land owner being entitled to recover his full damages although ultimately his land might never be taken from him or his possession disturbed as well as to give him actual notice of the taking. A similar situation arose under the early highway statutes which was remedied by St. 1842, c. 86, § 1. *Nain* v. *County of Plymouth*, 223 Mass. 66, 67.

Although said § 37 was expressly repealed by G. L. c. 282, it is provided in G. L. c. 281, § 4, that the repeal "shall not

affect any act done, ratified or confirmed, any liability incurred, or any right accrued or established."

As the petition cannot be maintained under the provisions of § 37 above referred to, the answer in abatement must be sustained, and in accordance with the terms of the report the petition is to be dismissed without prejudice.

*So ordered.*