GRACE E. RADWAY *vs.* SELECTMEN OF DENNIS & others.

Barnstable.    December 10, 1928. — February 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Eminent Domain,* Validity of taking, Recording of order of taking.  *Equity Pleading and Practice,* Amendment after hearing, Waiver of defence.  *Equity Jurisdiction,* To enjoin unlawful taking by eminent domain. *Waiver.*

Where it is sought to take land by eminent domain, there must be strict compliance with the governing statutes: all precedent conditions must be performed before land can be taken for public uses from a private owner against his will.

Within thirty days after the selectmen, pursuant to authority legally conferred by the voters of a town and after all necessary precedent legal action had been taken, had adopted an order taking in fee for purposes of a town way certain land, title to which was registered under G. L. c. 185, a certified copy of the order was deposited in the proper registry of deeds; but a fee for the recording thereof was not paid to the assistant recorder of the Land Court until more than ninety days thereafter, and he did not indorse the copy upon the original certificate of registration until the fee was received. *Held,* that

(1) By reason of the provisions of G. L. c. 79, §§ 3, 4; c. 262, § 38, no copy of the order of taking was "recorded" within thirty days after its adoption;

(2) There was no taking of the land and the proceedings to that end were void.

The averments of a bill in equity by the owner of land against the selectmen of a town and the town were that the defendants, without having recorded within thirty days a certified copy of an order taking land of the plaintiff by eminent domain, had entered upon the land, cut down and removed trees and otherwise damaged the premises. The prayers, besides seeking a declaration that the entry was void and an injunction against further trespass, sought damages. No demurrer to the bill was filed. At the hearing, the judge stated to counsel that he understood that the case presented "merely a matter of law in which the facts were practically all agreed." Nevertheless, evidence as to the cutting of trees and damage to the premises was introduced, and the plaintiff, against the objection of the defendants, also gave as a further basis for invalidating the order of taking that no mention was made therein of trees and fences on the land described. The defendants did not ask for a continuance because of the introduction of evidence. In a statement of his findings and rulings, the judge set forth that the evidence of the illegality because of lack of mention of trees in the order of taking "was received without objection, and the omission [of allegation or prayers in the bill relating thereto] may be cured by amendment." After the filing by the judge of his statement, the plaintiff presented and the judge allowed perfecting amendments to the bill as to that issue, and, later, a final decree was entered declaring the taking void, adjudging the town and the individual defendants trespassers upon the plaintiff's land, and that they had damaged it to the amount of $900, and ordering such defendants "severally" to pay that sum, with interest and costs, to the plaintiff. The defendants appealed from the final decree only, and in this court raised no question as to liability of the defendants for damages. *Held,* that

(1) The defendants having gone forward with the hearing on the unamended pleadings seeking damages and not having asked for a continuance, in the circumstances there was not shown sufficient ground for reversal of the decree on the aspect of the case relating to the trees and the erroneous statement of the judge as to the defendant's contention;

(2) No demurrer having been interposed and the defendants having answered to the bill and proceeded without objection to trial on the

merits, contentions, that no ground for granting a remedy in equity was disclosed and that the plaintiff should have proceeded by a petition for a writ of certiorari or by an action at law, were not open;

(3) Contentions, that the defendants were not liable to answer to the plaintiff in damages, not having been argued, must be treated as waived.

BILL IN EQUITY, filed in the Superior Court on February 4, 1924, and afterwards amended, against the selectmen of the town of Dennis and the inhabitants of that town, in which the plaintiff averred that proceedings by the defendants with respect to a taking of the plaintiff's property for a way were void because a certified copy of the order of taking was not recorded within thirty days of its adoption, that the defendants nevertheless had entered upon the plaintiff's land and "cut down and removed trees of the plaintiff which were growing upon said premises, and otherwise injured and damaged the said premises, and the defendants threaten to continue said trespass and to inflict further damage upon the property of the plaintiff." The prayers of the bill as originally filed were that "the defendants be permanently enjoined from trespassing upon the premises of the plaintiff;" and that "the plaintiff recover damages."

In the Superior Court, the suit was heard by *Broadhurst,* J., in April, 1928, a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Although the effect of the pendency of a petition for the assessment of damages as for a valid taking was discussed in a colloquy of the judge and counsel, no allegations of such a defence appeared in the pleadings, no evidence on the subject was introduced, no finding or ruling with respect thereto was made by the judge, and no contention on the subject appears in the brief of either party. Material facts found by the judge are stated in the opinion. Twenty days after the judge filed his statement of his findings and rulings, the plaintiff presented and the judge allowed an amendment to the bill, adding an averment that "the alleged taking is illegal and void for uncertainty in that neither the said order of taking nor the written notice

thereof informed the plaintiff whether or not the trees and fences within the parcel described in the order of taking were or were not taken, or contained any mention of said trees and fences or order in respect to them"; and a prayer that "the purported taking and all the proceedings based thereon, or in connection therewith, be adjudged null and void as a cloud upon the plaintiff's title."

By order of the judge, a final decree was entered on July 9, 1928, that "the taking of plaintiff's land by the defendant town, as set forth in the plaintiff's bill is illegal and void"; that "defendant town and the individual defendants have trespassed upon said land and have damaged the same in the amount of $900"; that "defendant town and the individual defendants shall severally pay the plaintiff $900 with interest thereon from June 2, 1928," and costs; "and that execution issue therefor." The defendants appealed from the final decree only.

*W. A. Briggs,* for the defendants.

*J. W. Allen,* (*E. H. Abbot* with him,) for the plaintiff.

RUGG, C.J. The main question for decision is whether land of the plaintiff has been taken by eminent domain for a way by the town of Dennis. The statutory provisions as to the taking of land by eminent domain for a way are in G. L. c. 79. So far as here material they are in § 3 in these words: "The board of officers by whom an order of taking has been adopted . . . shall within thirty days thereafter cause a copy thereof, signed by them or certified by their secretary or clerk, to be recorded in the registry of deeds of every county or district in which the property taken or any of it lies . . . ." The copy of an order of taking in connection with the abolition of grade crossings under G. L. cc. 159, 160, 161, "may be filed and recorded without the payment of any fee therefor. Upon the recording of an order of taking under this section, title to . . . the property taken . . . shall vest in the body politic . . . on behalf of which the taking was made; and the right to damages for such taking shall thereupon vest in the persons entitled thereto . . ."; and in § 4 in these words: "If land of a registered owner . . . is taken by eminent domain, the board of officers by whom the taking is made shall file for

registration . . . a description of the registered land so taken
. . . . A memorandum of the right or interest taken shall
be made on each certificate of title by the assistant recorder.
. . . All fees on account of any memorandum of registration
or entry of new certificates shall be paid by the body politic
. . . which takes the land."

The pertinent facts are that, pursuant to authority legally
conferred by the voters of the town and after all necessary
precedent legal action had been taken, the selectmen, on
March 27, 1923, adopted an order taking in fee, for the layout
and construction of a town way, a parcel of land owned by
the plaintiff. Her title to this land was registered under
G. L. c. 185. A certified copy of the order of taking was
deposited in the registry of deeds within thirty days after
March 27, 1923, but the necessary recording fee was not paid
until July 2, 1923. The assistant recorder of the Land Court
certified on the order of taking that it was received for regis-
tration on July 2, 1923, and on the same day he indorsed on
the original certificate of title a memorandum of the right
or interest thus taken in the plaintiff's land by the town.

It is plain from this recital of facts that no copy of the order
of taking was "recorded" within thirty days after its adop-
tion. This requirement of the statute at least implies that
every obligation resting on public officers prerequisite to the
act of recording must be fully performed. By G. L. c. 262,
§ 38, the fees of registers of deeds must be paid when the
instrument is left for recording. The statutes make no ex-
ceptions in favor of municipal officers. They, as well as all
others, must comply with the mandate of the statute as to
payment of fees. Their omission to do so within the time
required in the circumstances disclosed cannot be excused or
condoned. *Thorndike, petitioner,* 252 Mass. 154, 157, and
cases there collected. The most that can be said of the act
of the board of selectmen is that the copy of the order of
taking was offered for filing within the thirty day period.
The register of deeds, who is also the assistant recorder of the
Land Court, G. L. c. 185, § 10, even if he might on his own
responsibility have recorded the copy, was not obliged to do
so until the fee was paid to him. His record of the date of

receipt for registration of the order of taking, and of indorsement of the memorandum of the right or interest in the land of the plaintiff taken by the town, was conclusive.  *Chapin* v. *Kingsbury,* 138 Mass. 194, 196.  There is a well defined distinction between filing an instrument, *Powers Regulator Co.* v. *Taylor,* 225 Mass. 292, 298, *Gorski's Case,* 227 Mass. 456, 459, 460, *Greenfield* v. *Burnham,* 250 Mass. 203, 210, and offering it for record or causing it to be recorded, *Hamilton* v. *Farrar,* 131 Mass. 572, *Harriman* v. *Woburn Electric Light Co.* 163 Mass. 85, 87.

The requirement that the copy of the taking be recorded is not a mere direction, it is the vital act upon which depends the transfer of title from the landowner to the municipality. It is the operative alienation of the land.  *Turner* v. *Gardner,* 216 Mass. 65, 69, and cases there collected.  It is the act which fixes the rights of the parties.  As to the time when the right to damages accrues, see G. L. c. 79, §§ 3, 6; *Edmands* v. *Boston,* 108 Mass. 535, 550, 551; *Munroe* v. *Woburn,* 220 Mass. 116, 120; *Kidder Peabody Acceptance Corp.* v. *Old Colony Railroad,* 256 Mass. 41, 44.

This is not a case where there was an unjustifiable refusal to record the instrument after the one seeking the record had done all that was required of him, *Orne* v. *Barstow,* 175 Mass. 193, but it is a case where the record was made as soon as there was compliance with conditions precedent.

The case at bar on this point in substance is governed by *Watertown* v. *Dana,* 255 Mass. 67.  In that judgment, after a review of the history of the statutes at present governing the exercise of the power of eminent domain, G. L. c. 79, it was held that "the failure of the selectmen to adopt the requisite order of taking within ten days subsequent to the vote of the town and to record such order of taking within thirty days thereafter, all as pointed out in G. L. c. 82, § 24, and c. 79, §§ 1 and 3," invalidated the attempted taking there under review.  It there was pointed out that the present statutory provisions are different from those interpreted in *Beckford* v. *Needham,* 199 Mass. 369, and that that decision is not now controlling as to the provisions of G. L. c. 79. The effective act of taking under the statutes then in force

was not, as now, the "recording of an order of taking." Where it is sought to take land by eminent domain, there must be strict compliance with the statutory authority and all precedent conditions must be performed before land can be taken for public uses from a private owner against his will. *Lajoie* v. *Lowell*, 214 Mass. 8. *Breckwood Real Estate Co.* v. *Springfield*, 258 Mass. 111.

It follows that there was no taking of the land of the plaintiff and that the proceedings to that end were void.

It is unnecessary to consider whether the order of taking was invalid also, in that no mention was made of trees and fences on the land described. See G. L. c. 79, §§ 1, 13, *Broderick* v. *Department of Mental Diseases*, 263 Mass. 124.

It has been argued vigorously in behalf of the defendants that their rights were prejudiced by the admission of evidence on this issue, and that the finding of the judge was unwarranted to the effect that, although this ground was not set forth in the bill as it was filed, the "evidence thereon was received without objection, and the omission may be cured by amendment." We are much impressed by this argument, but the decree cannot be reversed on this ground. The case went to trial upon the bill, which alleged the invalidity of the taking because the order of taking was not recorded as required by law, entry of the defendants upon the land of the plaintiff and destruction of trees and other injury thereto, and which contained a prayer for damages. All the evidence as to destruction of trees and fences and other trespasses upon the plaintiff's land was admissible on the issues raised before any amendment to the bill. The defendants, by going to trial on these pleadings, were bound to meet the issue of damages arising from all entries by the defendants upon the plaintiff's land. If surprised, the defendants ought to have asked for a continuance. The further statement of understanding that the case presented "merely a matter of law in which the facts were practically all agreed," does not warrant a reversal because, without objection by the defendants, much evidence was introduced. We feel bound to hold, although with some hesitation, that the defendants have not shown upon the record sufficient

ground for reversal on this aspect of the case. *Posell* v. *Herscovitz*, 237 Mass. 513, 516, 517.

It has been suggested by the defendants that there is no remedy in equity. No demurrer was interposed to the bill. In these circumstances the plaintiff must be taken to have had a case within the equitable jurisdiction of the court and for damages as an incident. *Woodbury* v. *Marblehead Water Co.* 145 Mass. 509, 512. *Nichols* v. *Salem*, 14 Gray, 490.

It has been held generally in other jurisdictions that equity affords relief for the wrong of which complaint here is made. See Lewis on Eminent Domain (3d ed.) § 901, and cases there collected. *Proprietors of Mills on Monatiquot River* v. *Braintree Water Supply Co.* 149 Mass. 478. *Moore* v. *Sanford*, 151 Mass. 285.

The defendants also suggest that the plaintiff's remedy was by certiorari or by an action of tort. Whether there was a remedy by certiorari need not be decided. *Locke* v. *Selectmen of Lexington*, 122 Mass. 290. *Foley* v. *Haverhill*, 144 Mass. 352, 354. Doubtless an action of tort might have been brought. *Murray* v. *County of Norfolk*, 149 Mass. 328, 329.

The complete answer to these contentions is that the defendants, having answered to the bill and proceeded without objection to trial on the merits, cannot now rely upon want of equity. *Bauer* v. *International Waste Co.* 201 Mass. 197, 200, 201. *Luciano* v. *Caldarone*, 255 Mass. 270, 272.

The plaintiff was not prevented from seeking this form of relief by having filed a petition for the assessment of damages upon the theory that her land had been taken. The validity of the taking was not thereby admitted for the purposes of this proceeding. *Moore* v. *Sanford*, 151 Mass. 285.

It has not been argued that, if the attempted taking was void, the defendants are not liable, or that the final decree in this respect was not warranted. Hence any question in that connection must be taken to be waived. See *Miles* v. *Worcester*, 154 Mass. 511; *Moynihan* v. *Todd*, 188 Mass. 301, 306; *Daley* v. *Watertown*, 192 Mass. 116; *Johnson* v. *Somerville*, 195 Mass. 370, 374–377.

*Decree affirmed.*