## WILLIAM SKAHAN *vs.* COMMONWEALTH.

Essex.    November 15, 1937. — December 6, 1937.

Present: FIELD, LUMMUS, QUA, DOLAN, & COX, JJ.

*Eminent Domain*, Transfer of title, Right to damages.

The personal representative of one who had held the title to real estate at the time a copy of an order of taking in fee by the Commonwealth for highway purposes was recorded under G. L. (Ter. Ed.) c. 79, § 3, and who had died before entry for construction, was entitled to damages after such entry, and not one named in his will as devisee of the property; title vested in the Commonwealth at the time of such recording.

PETITION, filed in the Superior Court on December 21, 1936, for the assessment of land damages.

The respondent filed an answer denying the petitioner's title. The case was heard upon an agreed statement of facts by *Brogna,* J., who ordered judgment for the respondent. The petitioner alleged exceptions.

The case was submitted on briefs.

*W. E. Sisk & R. L. Sisk,* for the petitioner.

*J. F. Nee,* by leave of court, submitted a brief as *amicus curiae.*

Cox, J.    This is a petition to recover damages for land taken by the Commonwealth for highway purposes. This petition, together with another brought by Thomas Skahan, executor of the will of Patrick Skahan, in which damages for the same taking were claimed, was heard by a judge of the Superior Court upon an "Agreed Statement of Facts" which, from what was done, is considered as coming within the second class of ways in which cases may be presented for decision on the merits described in *Frati* v. *Jannini,* 226 Mass. 430. The Commonwealth, through the department of public works, took in fee under G. L. (Ter. Ed.) c. 79, a parcel of land on Broadway in the town of Saugus, Broadway also being known as the Newbury-

port Turnpike. A copy of the order of taking was duly and properly recorded on June 3, 1936, in the Essex South District Registry of Deeds. On that day Patrick Skahan was the sole owner in fee of the land taken, which was free and clear of all encumbrances. He died testate on July 1, 1936, and his will was probated on July 28, 1936. By the terms of the will William Skahan, this petitioner, was given in fee a parcel of land which included the land taken. Entry was not made upon the land by the Commonwealth until October 22, 1936. The petitioner filed six requests for rulings, all of which the judge denied. The judge found and ruled that on June 3, 1936, when the copy of the order of taking was duly recorded, the title to the property described therein became vested in the Commonwealth in fee and found for the petitioner Thomas Skahan as executor. The petition of Thomas Skahan, executor, is not before us, but the court has permitted a brief to be filed as *amicus curiae*. It is agreed that the only issue involved in the two proceedings is which petitioner is entitled to damages, as to the amount of which all parties have stipulated, or, as the petitioner states in his brief, was the land taken by the Commonwealth still the property of the testator at the time of his decease and before the entry was made by the Commonwealth on October 22, 1936, or was the title divested as to such part taken by the Commonwealth by the recording of a copy of the order of taking in the registry of deeds?

The statutory provisions as to the taking of land by eminent domain for a way are in G. L. (Ter. Ed.) c. 79. So far as here material they are in § 3 in these words: "The board of officers by whom an order of taking has been adopted . . . shall within thirty days thereafter cause a copy thereof . . . to be recorded in the registry of deeds of every county or district in which the property taken or any of it lies. . . . Upon the recording of an order of taking under this section, title to the fee of the property taken . . . shall vest in the body politic . . . on behalf of which the taking was made; and the right to damages for such taking shall thereupon vest in the per-

sons entitled thereto unless otherwise provided by law; provided, however, that when a taking is made for the purpose of a highway . . . the right to damages shall not vest until such way . . . has been entered upon or possession thereof has been taken for the purpose of constructing the same . . . ." No question is raised as to the validity and regularity of all the proceedings up to and including the recording of the copy of the order of taking on June 3, 1936. The sole question to be determined is whether the title to the property taken thereupon vested in the Commonwealth. In *Radway* v. *Selectmen of Dennis*, 266 Mass. 329, 334, where the plaintiff's land had been taken by eminent domain for a way, the court said: "The requirement that the copy of the taking be recorded is not a mere direction, it is the vital act upon which depends the transfer of title from the landowner to the municipality. It is the operative alienation of the land. *Turner* v. *Gardner*, 216 Mass. 65, 69, and cases there collected. It is the act which fixes the rights of the parties. As to the time when the right to damages accrues, see G. L. c. 79, §§ 3, 6; *Edmands* v. *Boston*, 108 Mass. 535, 550, 551; *Munroe* v. *Woburn*, 220 Mass. 116, 120; *Kidder Peabody Acceptance Corp.* v. *Old Colony Railroad*, 256 Mass. 41, 44."

It is the petitioner's contention that the recording of the copy of the order of taking did not divest the testator of his title to the land but that the title remained in the testator until divested by the act of the Commonwealth in making an actual entry upon the property on October 22, 1936, citing *Mayor & Aldermen of Taunton, petitioners*, 290 Mass. 118. This was a petition for the abolition of certain grade crossings under St. 1906, c. 463, Part I, § 36 (repealed by G. L. c. 282), which provided that a decree of the court confirming a decision of the special commission, to whom the matter was referred under §§ 29–45, to the effect that the location of a railroad be changed, "shall constitute a taking of the specified land, easement or other property." Section 37 of the act also provided that a petition for the assessment of damages for such a taking was to be "brought

within one year after the time the property is entered upon and work actually begun thereon." The court said that these two provisions of the governing statute must be so construed, if reasonably practicable, as to make an harmonious, consistent and effective body of law, and decided that a mere paper taking of the land under the statute in question gave no right to damages, and that there could be no recovery of damages by the landowner until there had been an entry upon the land. It was also said in that case (page 123), "there was merely an incipient appropriation of the land never brought to the completion of transfer of title by the further necessary act of entry upon the land." The court pointed out, however, that sometimes the recording of a paper taking in the registry of deeds alone passes title, citing *Turner* v. *Gardner*, 216 Mass. 65, for a review of the cases, and *Radway* v. *Selectmen of Dennis*, 266 Mass. 329. The case is plainly distinguishable.

The case before us is one in which the recording of the copy of the order of taking operated to transfer the title of the owner of the land to the Commonwealth by force of the governing statute. The landowner on the date of the recording of this copy was the testator Patrick Skahan, and the rights of the parties were fixed as of that date subject to the provisions already quoted as to the time when the right to damages accrued.

The petitioner's requests were rightly denied.

*Exceptions overruled.*