MARION GREY ANDREWS RAIMONDO *vs.* TOWN OF BURLINGON.

Middlesex.    November 8, 1974. — December 3, 1974.

Present: QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Concurrent remedies. *Eminent Domain,* Validity of taking.

A suit in equity seeking a declaratory decree that a taking by the defendant town of the plaintiff's property by eminent domain was void was not to be abated merely by reason of subsequent commencement by the plaintiff of a proceeding under G. L. c. 79 for an assessment of damages for the same taking. [451-452]

BILL IN EQUITY filed in the Superior Court on June 4, 1971.

A plea in abatement was heard by *Chmielinski, J.,* and a final decree dismissing the bill was entered by *Leen,* J.

*Thomas F. Murphy* for the plaintiff.

*David Berman,* Town Counsel, for the town of Burlington.

BRAUCHER, J.    We are asked to determine whether a landowner can maintain a suit challenging the validity of a taking of her property and at the same time file a petition for the assessment of damages under G. L. c. 79, § 14. A judge of the Superior Court ruled that she could not. We hold that she can, and reverse the Superior Court's decrees.

The plaintiff filed a bill in equity on June 4, 1971, seeking a declaration that a purported taking of her property on April 29, 1971, by the defendant town was void because the premises taken were not identified with sufficient accuracy

to apprise her of the nature and extent of the taking, and that the taking was not for a proper public purpose. The town filed a plea in abatement on the ground that the plaintiff, by a petition on which an order of notice was made returnable on the first Monday in February, 1973, had sought an assessment of damages against the town on account of the same taking. The plaintiff appeals from an interlocutory decree sustaining the plea and a final decree dismissing the bill.

"It is a familiar principle that, where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy." *Corbett* v. *Boston & Maine R.R.* 219 Mass. 351, 357 (1914). See Restatement: Judgments, §§ 64, 65 (1942). That principle was applied to a case very like the present one in *Moore* v. *Sanford,* 151 Mass. 285, 287 (1890), where the landowners first filed a petition for damages and later filed a bill in equity to set aside the taking as invalid. We stand by that decision. See *Greenfield* v. *Burnham,* 250 Mass. 203, 209-210 (1924); *Radway* v. *Selectmen of Dennis,* 266 Mass. 329, 336 (1929); *Caleb Pierce, Inc.* v. *Commonwealth,* 354 Mass. 306, 308, n. 1 (1968).

For a contrary rule the town cites to us *Preston* v. *Newton,* 213 Mass. 483, 485 (1913); *Barnes* v. *Springfield,* 268 Mass. 497, 503 (1929); *Opinion of the Justices,* 360 Mass. 894, 900 (1971). Those cases, however, merely reassert the familiar rule that a petition for the assessment of damages on account of a taking admits, for the purpose of that proceeding, the taking, its validity, the regularity of the proceedings, and the constitutionality of the act. That rule was recognized in the *Moore* and *Greenfield* cases, *supra.* So far as that rule requires separate proceedings because of the separation between actions at law and suits in equity or because the claims are in the alternative, the obstacle has now been removed by Rule 18 (a) of Mass.

R.Civ.P. 365 Mass. 764, effective July 1, 1974. Cf. Restatement 2d: Judgments (Tent. Draft No. 1, March 28, 1973) § 61.1, comment m.

It was suggested in argument that the plaintiff need not have filed her petition for the assessment of damages until six months after the final determination of her suit in equity. See G. L. c. 79, § 18. We do not think, however, that she was required to ascertain at her peril whether such a petition would be governed by that section or by the two year limitation of G. L. c. 79, § 16.

*Interlocutory and final decrees reversed.*