[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 01-1863

DANNY M. KELLY,

Plaintiff, Appellant,

v.

TOWN OF CHELMSFORD,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Danny M. Kelly on brief pro se.
Joyce Frank, Gregg J. Corbo and Kopelman and Piage, P.C. on brief for appellee.

---

**December 14, 2001**

---

**Per Curiam**. Danny M. Kelly appeals from the district court's dismissal of his 42 U.S.C. § 1983 cause of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The only issue is whether Kelly's complaint challenging the town of Chelmsford's taking of a portion of his property through eminent domain was ripe for review.

In his complaint, Kelly alleged a number of reasons in support of his assertion that the taking of his property was improper, including that it was not taken for a public use, that the taking reduced his property value, and that he did not receive adequate compensation for the taking.

In this circuit, "exhaustion of state law remedies -- whatever form they may take -- is a precondition to the maintenance of a federal damages action under the Takings Clause . . . ." Ochoa Realty Corp. v. Faria, 815 F.2d 812, 817 (1st Cir. 1987); see also Marietta Realty, Inc. v. Springfield Redevelopment Authority, 902 F.Supp. 310, 313 (D. Mass. 1995) (plaintiff must first invoke the available mechanisms for compensation from the defendant in order to ripen a claim under the Fifth Amendment). This is true whether the alleged wrongful taking is a result of negligent or intentional conduct. Hudson v. Palmer, 468 U.S. 517, 533

(1984).  The  Massachusetts inverse condemnation statute, Mass.Gen.L. ch. 79, provides such a remedy.

As Kelly conceded in his complaint below, the town of Chelmsford took his property through eminent domain in order to build a sewerage pumping station, very much a public use of the property.  The gravamen of his complaint in the district court was an explicit challenge to the adequacy of the proffered compensation as well as a request for damages.  As such, the district court properly dismissed the complaint under Rule 12(b)(6) as not ripe for review because of Kelly's failure to first attempt to avail himself of the Massachusetts inverse condemnation statute.  The district court's judgment is <u>AFFIRMED</u>.