**Danny KELLY, Plaintiff,**

v.

**Richard J. DAY and Town of Chelmsford, Defendants.**

**Civil Action No. 07–10751–NMG.**

United States District Court,
D. Massachusetts.

Nov. 14, 2008.

---

Jeffrey T. Blake, Gregg J. Corbo, Kopelman & Paige, PC, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff in this case alleges that the Town of Chelmsford violated the Constitution by taking his land by eminent domain for a purpose other than a public use.

## I. *Background*

### A. Factual Background

Plaintiff, Danny Kelly ("Kelly"), owns property located at 26 School Street in Chelmsford, Massachusetts. Defendant Richard J. Day ("Day") is the Sewer Commissioner for the defendant Town of Chelmsford ("the Town") (together with Day, "the Defendants"). In February of 2001, the Town notified Kelly that it would be taking a portion of his property by eminent domain for the construction of a sewage pumping station. Kelly was offered $4,500 as compensation.

Kelly objects to the taking on the ground that it was not done for a public purpose. Specifically, he points to Town documents that indicate that his property was chosen for a sewage pumping station over an alternative site because "it would be difficult and time consuming to acquire an easement on Massachusetts Electric property."

More recently the Chelmsford Sewer Commission notified Kelly that he abuts a public way with an available sewer and, therefore, he is required by law to connect to that sewer. Kelly apparently does not dispute that he was so notified or that he is required by law to connect. He nevertheless objects to the connection on the grounds that the sewer system is "illegal" and that he cannot afford the cost of connecting.

The Town's exercise of eminent domain over Kelly's property has been the subject of much litigation. On April 16, 2001, Kelly filed a complaint, pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of Massachusetts challenging the taking of his land. That action was dismissed by Judge Rya W. Zobel upon a finding that Kelly had not exhausted state law remedies available to him. Specifically, he had not used the procedures available under M.G.L. c. 79 to challenge the Town's use of eminent domain before filing his federal case. Kelly's subsequent appeals of that decision to the First Circuit Court of Appeals and the United States Supreme Court were unsuccessful. In November, 2002, Kelly filed a second case in federal court under an "unjust enrichment philosophy of tort law." That action was also dismissed by Judge Zobel upon the finding that the court lacked subject matter jurisdiction over what was deemed a common law tort claim.

Following the dismissal of his federal cases Kelly brought suit in Massachusetts state court in December, 2003. In August, 2006, the Middlesex Superior Court granted summary judgment to the Town because Kelly had again failed to file his complaint under M.G.L. c. 79 which that court determined to be "the exclusive remedy" to challenge an eminent domain proceeding. That decision was affirmed by the Massachusetts Appeals Court and Kelly's request for Further Appellate Review by the Massachusetts Supreme Judicial Court was denied.

### B. Procedural History

The pending case was initiated by the filing of two separate actions by Kelly in federal court (Civil Action Nos. 07–10751 and 08–10067). In the first action, Kelly

sought from this Court a "stay in forcing him to make an illegal connection to this illegal sewerage system." In the second action, he alleged that the Town's exercise of eminent domain over his property was unlawful. Those two actions have since been consolidated into one case (Civil Action No. 07–10751).

Kelly filed his pending motion for summary judgment on June 6, 2008, but he did not include a statement of material facts as required by Local Rule 56.1 or any supporting affidavits. The Defendants filed an opposition and cross motion for summary judgment on July 15, 2008. Kelly has filed an "objection" in response to the Defendants' opposition and cross motion for summary judgment, an objection to the Defendants' statement of material facts and a "memorandum of understanding" in which he describes his prior proceedings in federal court. A hearing with respect to the pending motions was held on Wednesday, November 5, 2008.

## II. *Cross Motions for Summary Judgment*

### A. Summary Judgment Standard

■ The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. Defendants' Motion for Summary Judgment

The Defendants make the following arguments in support of their motion for summary judgment: 1) Kelly's claims are barred by the doctrine of collateral estoppel, 2) he has failed to exhaust his state law remedies, 3) he has failed to exhaust his administrative remedies with respect to his challenge to the Town's order for him to connect to the sewer and 4) to the extent that Kelly asserts any other claims arising from the taking of his property, those claims are barred by the relevant statutes of limitations.

#### 1. Collateral Estoppel

The Defendants assert that Kelly's claim is barred by the doctrine of collateral estoppel because it was previously decided by Judge Zobel. That case was dismissed for failure to exhaust state law remedies.

To the extent that Kelly seeks to relitigate the issue of whether exhaustion is required, his claim is barred by the doctrine of collateral estoppel. Both the First Circuit and another session of this Court have held, consistent with well-settled precedent, that exhaustion applies to Kelly's claim. *See Kelly v. Town of Chelmsford,* 23 Fed.Appx. 18 (1st Cir.2001), *cert. denied,* 536 U.S. 963, 122 S.Ct. 2672, 153 L.Ed.2d 845 (2002); *Kelly v. Town of Chelmsford,* No. 01–10635–RWZ (D. Mass. June 8, 2001); *see also Ochoa Realty Corp. v. Faria,* 815 F.2d 812, 817 (1st Cir.1987) ("exhaustion of state law remedies ... is a precondition to the maintenance of a federal damages action under the Takings Clause"); *Marietta Realty, Inc. v. Springfield Redevelopment Auth.,* 902 F.Supp. 310, 313 (D.Mass.1995) ("Where a claimant seeks a post-deprivation remedy and the laws of the state provide an adequate one, the plaintiff cannot bring a § 1983 action without first exhausting the laws of the state."). The only issue that lingers, therefore, is whether Kelly has satisfied the exhaustion requirement since the dismissal of his earlier case by Judge Zobel.

### 2. Exhaustion

■ Although Kelly filed a lawsuit in Massachusetts state court, the Town argues that his failure to bring that suit pursuant M.G.L. c. 79 precludes this Court from considering Kelly's claim. Kelly acknowledges that he has not filed a state court action pursuant to Chapter 79 but is of the unshakeable belief that Chapter 79 allows him to challenge only the amount of compensation paid for (but not the validity of) the taking. He further insists that any challenge pursuant to Chapter 79 would irrevocably foreclose his right to challenge the validity of the taking.

■ In Massachusetts, M.G.L. c. 79 is the exclusive remedy for challenging the exercise of eminent domain. *Whitehouse v. Town of Sherborn,* 11 Mass.App.Ct. 668, 673, 419 N.E.2d 293 (1981) ("There is no doubt that by enacting c. 79, the Legislature meant to fashion an exclusive statutory remedy for takings made thereunder."). Although it may not be apparent from the text of the statute, Massachusetts courts have consistently interpreted Chapter 79 as permitting challenges to both the validity of a taking and the amount of compensation. *See, e.g., U–Haul Real Estate Co. v. City of Pittsfield,* 56 Mass.App.Ct. 1108, 2002 WL 31513152 (2002). Moreover, disputing the amount of compensation for a taking in no way limits or waives a litigant's right to challenge its validity. *Raimondo v. Town of Burlington,* 366 Mass. 450, 451, 319 N.E.2d 895 (1974).

■ Despite the dismissal of his prior federal case for failure to exhaust state remedies, Kelly declined to bring his state court claim pursuant to Chapter 79. Although due to a genuine but nevertheless mistaken concern about forfeiture of rights, Kelly's failure to exhaust the remedies afforded to him by state statute cannot be ignored by this Court. Because Chapter 79 provides an adequate remedy, recovery under that law must be pursued before a federal takings claim becomes ripe. *Marietta Realty, Inc.,* 902 F.Supp. at 313.

### 3. Kelly's Refusal to Connect to the Sewer

■ To the extent that Kelly's claims present a challenge to the requirement that he connect to the Chelmsford sewer system, the Town asserts that those claims fail because Kelly has not exhausted his administrative remedies. If Kelly's complaint is read as objecting to the cost of connecting to the sewer system, then, according to the Town, the appropriate remedy is to request a waiver from the Sewer Commission.

Reading Kelly's complaint as such an objection, it must be dismissed because he has failed to exhaust his administrative remedies. *See McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). Because an administrative remedy is available and would provide the relief that Kelly seeks (namely, a waiver of the requirement that he connect to the sewer), judicial review is inappropriate at this time.

#### 4. Other Claims

The Defendants also contend that any other claims that Kelly is pursuing are barred by the relevant statutes of limitation. This Court does not, however, read Kelly's complaints as asserting any other claims and it will not therefore speculate as to what other claims he could have brought or their relative merit.

#### C. Kelly's Motion for Summary Judgment

In his motion for summary judgment, Kelly asks this Court to invalidate the Town's exercise of eminent domain over his property. He alleges that the Town took his property, rather than an alternative parcel, for an invalid purpose. According to Kelly, his land was chosen, at least in part, because he (rather than a large utility) owned it and that, therefore, it was not taken for a public purpose.

Although Kelly's protestation (if supported by evidence) could have stated a colorable claim, his failure to satisfy the exhaustion requirement precludes this Court from considering it. Consequently, his motion for summary judgment will be denied.

#### ORDER

In accordance with the foregoing, plaintiff's motion for summary judgment (Docket No. 13) is **DENIED** and Defendants' motion for summary judgment (Docket No. 17) is **ALLOWED**.

**So ordered.**