11-3418-cv
Kelly v. Town of Chelmsford

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of June, two thousand twelve.

PRESENT:   PIERRE N. LEVAL,
                      REENA RAGGI,
                      DENNY CHIN,
                                  *Circuit Judges*.

------------------------------------------------------------------------------------

DANNY M. KELLY,

                                  *Plaintiff-Appellant*,

                      v.                                                          No. 11-3418-cv

TOWN OF CHELMSFORD,

                                  *Defendant-Appellee*.
------------------------------------------------------------------------------------

FOR APPELLANT:          Danny M. Kelly, *pro se*, Chelmsford, Massachusetts.

FOR APPELLEES:          Greg J. Corbo, Jeffrey T. Blake, Kopelman and Paige, P.C., Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*; Holly B. Fitzsimmons, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 11, 2011, is AFFIRMED.

Plaintiff Danny M. Kelly, pro se, appeals from the district court's judgment dismissing his action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. We review a § 1915(e) dismissal de novo. See Giano v. Goord, 250 F.3d 146, 149–50 (2d Cir. 2001). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

The district court properly dismissed Kelly's action. Kelly has three times previously attempted to litigate this claim. *See Kelly v. Town of Chelmsford*, 23 F. App'x 18 (1st Cir. 2001) (unpublished); *Kelly v. Town of Chelmsford*, 874 N.E.2d 1143 (Mass. App. Ct. 2007) (unpublished); *Kelly v. Day*, 585 F. Supp. 2d 211 (D. Mass. 2008). The claim was each time dismissed because of Kelly's failure to exhaust his state remedy under Chapter 79 of the Massachusetts General Laws. He is not entitled to re-litigate the issue of the need to exhaust his state remedy. He does not claim to have since exhausted his state remedy by suing under Chapter 79, and his allowable time to do so has expired, *see* Mass. Gen. Laws ch. 79, § 16. Accordingly, his claim is now barred.

We have considered the other arguments raised by Kelly on appeal and conclude that they are without merit. Accordingly, it is hereby ORDERED that the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court